IN THE MATTER OF THE APPLICATION OF GUNDE
KOOPMAN FOR A COUNTY ALLOWANCE ON
ACCOUNT OF THEODORE, CARL AND
DOLORIS KOOPMAN AS
DEPENDENT CHILDREN.[1]

May 21, 1920.

No. 21,794.

**Mother's Pension Act — deserted and divorced mother entitled to allowance for dependent children.**

Chapter 223, Laws 1917, known as the Mother's Pension Act, construed and *held* to apply to a mother with dependent children to support, although she has been divorced from her husband.

Gunde Koopman made application in the juvenile court for Hennepin county for a county allowance on account of Theodore, Carl and Doloris Koopman, as dependent children. The matter was heard before Waite, J., who directed the county treasurer to pay to Gunde Koopman the sum of $26 per month on account of the children beginning November 1, 1919, until the children respectively attained the age of 16 years or the further order of the court. Richard Tattersfield, a citizen and taxpayer of Hennepin county, filed objections to the allowance made by the district court, and his motion to vacate the order of the court was granted. From the order granting the motion, Gunde Koopman appealed upon a question of law. Reversed.

*M. U. S. Kjorlaug,* for appellant.

*William M. Nash,* County Attorney, and *Frank J. Williams,* Assistant County Attorney, for respondent.

BROWN, C. J.

Proceedings in the juvenile court of Hennepin county under the provisions of chapter 223, p. 337, Laws 1917, known as the Mother's Pension Law, for the relief of certain dependent children. From an

[1]Reported in 177 N. W. 777.

order vacating a former order granting the relief the applicant appealed.

The facts are not in dispute. The alleged dependents are the minor children of Charles Koopman and Gunde Koopman, husband and wife, and are in the care and custody of the latter, the mother. The mother and children were deserted and abandoned by the husband and father, and he is now under indictment therefor and a fugitive from justice. The poverty of the mother and actual dependence of the children is not questioned, no support can be had from the husband, and the right of the mother to the relief provided for by the statute is made clear by the findings of the trial court, unless the fact that she procured a divorce, presumably on the ground of desertion, renders the statute inapplicable. We do not think the divorce should have that effect.

The design and purpose of the statute is the promotion of the welfare of dependent minor children, whose parents from poverty or other sufficient reason are unable properly to care for them. It provides for a monthly allowance to the mother on the order of the court in all cases coming within the requirements thereof, in such amount, within the limits prescribed, as will enable the mother to supply the necessary comforts and support. But no allowance can be made where the husband is able to work to support the family, nor when he is under indictment for abandonment, unless he be found to be a fugitive from justice; the scheme of the statute in this respect being that, if the husband is able to work and is within the jurisdiction of the state, he may be compelled to support his wife and children, or be punished for a refusal to do so. The allowance may be made to the mother when a widow, and when not a widow where, for the reason stated, support cannot be had from the husband. But no provision of the statute expressly deals with a situation like that here presented, namely, where the mother has obtained a divorce.

The statute is remedial in character and purpose and should not be construed strictly. The manifest intention of the legislature in its enactment was in a measure to remedy some of the evils naturally to result to infant children who in their youth are exposed to the hardships and harmful temptations incident to poverty, and to aid in their nurture, training and education, to the end that they may come to years of maturity sound in body, pure in mind, and in position to become use-

ful members of society. To effectuate that purpose the statute should be liberally construed and applied. On its face the statute applies to children of a lawful family relation and not to illegitimates, for such are provided for by other statutes. The fact that the wife and mother has found it necessary for the protection and comfort of herself and children to procure a divorce from a wrongdoing and neglectful husband and father, should not take the children of the marriage without the statute, for the state is as much concerned in their welfare as in the welfare of those whose parents have not thus been separated. Manifestly the legislature did not intend to discriminate against children so situated, and we do no violence to the rules of statutory construction in ascribing to the statute a purpose to provide for all dependent children sustaining the usual family relations in life. In that view the word "husband," wherever used in the statute, should be construed to mean and refer to the husband and father upon whom the law casts the burden of supporting his children. The divorce may relieve him from the legal obligation of supporting his wife, but not from the duty of supporting his children, even though the divorce judgment awards their custody and control to the wife. Spencer v. Spencer, 97 Minn. 56, 105 N. W. 483, 2 L.R.A.(N.S.) 851, 114 Am. St. 695, 7 Ann. Cas. 901.

We construe the statute accordingly, from which it follows that the order granting relief to the mother, which was vacated by the order appealed from, was right and should stand.

The order appealed from is therefore reversed.