## JENNIE LAFF v. SAM LAFF.[1]

December 5, 1924.

No. 24,135.

**Order appealable.**

1. An order directly committing a person for constructive civil contempt is appealable.

**Record authentic.**

2. The order on its face is based upon the files and records; and the original files and records being here are sufficiently authenticated.

**Contempt—answer to citation by affidavit.**

3. A person cited in for contempt may submit his excuse upon affidavits.

**Defendant sustained burden of proving his inability to pay.**

4. Defendant, having admitted default, had the burden of excusing, and it is *held* that he made such a showing of present inability to pay the amount in arrears that the court was not warranted in committing him.

From an order of the district court for Hennepin county, Salmon, J., remanding defendant to jail for contempt, he appealed. Reversed.

*Frederic A. Pike,* for appellant.

*Schwartz & Halpern,* for respondent.

HOLT, J.

Plaintiff secured a decree of divorce from defendant, the custody of the two children of the parties, and $25 per week as alimony and support for herself and children. Defendant has since obtained some modification as to amount, but was $180 in arrears when he was cited in to show cause why he should not be adjudged guilty of contempt for failing to pay the same. He responded with affidavits wherein he claims inability to pay. The court found him guilty and

[1]Reported in 200 N. W. 936.

remanded him to the county jail until such time as he shall pay $185 to plaintiff, and "the sheriff of Hennepin County, Minn. is hereby ordered and directed to take said defendant in charge forthwith and place him in said county jail and keep him there until the further order of this court and until released therefrom by due process of law." From this order defendant appeals.

Defendant was found guilty of a civil contempt and the order is reviewable on appeal. The order directly commits defendant, and is unlike the one held not final but conditional in Semrow v. Semrow, 26 Minn. 9, 46 N. W. 446. Respondent directs attention to an order made subsequent to the appeal, but we cannot take notice of subsequent proceedings, except perhaps in a case wherein the question for decision in the appeal has thereby become moot.

Preliminary to consideration of the merits of the case, the contentions of the parties as to the state of the record must be disposed of. Plaintiff claims it lacks due certification. The original files are here, viz., the judgment roll and all subsequent orders and affidavits. The order challenged on its face indicates that it is based upon the files mentioned, and we must therefore hold the record before us sufficiently authenticated. Defendant attempts to question the order because the record shows that the court did not investigate the charge by examining him or any witness for or against him as provided by section 8362, G. S. 1913. Defendant did submit affidavits of his inability to pay the sums in arrears. True it is that therein he stated that he was prepared to appear before the court in person and be examined and adduce more affidavits of others, or produce them in court as witnesses, but the record fails to show that he offered to testify at the hearing, or that his attorney tendered anything in excuse other than the affidavits mentioned. A party charged with contempt may rest his excuse upon affidavits, if he so desires.

Coming to the merits of the appeal: Defendant admitted in his affidavit filed at the hearing that he was in default of at least two payments under the decree. The burden was upon him to show inability to comply. In Hurd v. Hurd, 63 Minn. 443, 65 N. W. 728, it was held that when a disobedience of the order of the

court is shown a prima facie case of contempt is made, and the burden is then upon the person to show that it was not in his power to obey. "His financial condition and resources were matters peculiarly within his own knowledge, and he was called upon to make a full, fair, and direct showing as to them if he would justify his neglect to obey the orders of the court." See also State v. Searles, 141 Minn. 267, 170 N. W. 198. The decree of divorce does not find the earning capacity of defendant or that he owned any property, but does find that he then had a substantial income.

No evidence at the hearing as to defendant's ability was produced by plaintiff, except the affidavit upon which the order to show cause issued wherein she refers to a previous affidavit filed in which she stated that defendant owned and used an automobile and had a lucrative tailoring business and verily believes he posseses sufficient money to pay the alimony, and is informed and verily believes he keeps all of his money and assets concealed in the name of his father. Defendant's affidavits show that he is not a tailor himself; that he rents a shop for $55 per month, employs two journeymen tailors, and that previous to January, 1924, the net earnings did not exceed $35 per week; that in January and February, 1924, the two months just before the hearing, he had kept books and the net income for those months was $37.50; that his stock in trade does not exceed $100; that he owes more than $1,000; that he can borrow no more from friends; that he has no property concealed in the name of his father or in any other way. In fact the showing is that he is in desperate straits to keep going the little business from which his only income is derived and that it is impossible for him now to pay the amount due. We do not think the court was justified in holding untrue the positive affidavits of defendant disclosing his financial condition, not contradicted at all except by plaintiff's statement on information and belief and such inference as may be drawn from the fact that two years before the court determined the amount defendant was then able to pay. Civil contempt proceedings may not be used to compel a party to do that which is beyond his ability. It is only when it is yet within the power of the person to perform the omitted

act that he may be imprisoned until performance. Section 8365, G. S. 1913.

The order is reversed.