## HENRY B. COHEN v. MIRVISS MANUFACTURING COMPANY AND OTHERS.[1]

April 1, 1926.

No. 25,146.

**Trust.**

Settlement of trustee's account by trial court sustained. [Reporter.]

By agreement of the parties interested M. D. Stern was appointed trustee of the Mirviss Manufacturing Company by the district court for Hennepin county. Later appellant Ueland was appointed receiver for it. A hearing was had on the account of the trustee and the receiver appealed from the order of the court, Montgomery, J., settling the account. Affirmed.

*M. H. Boutelle,* for appellant.
*Martin L. Kahner,* for respondent.

PER CURIAM.

During the year 1923 the Mirviss Manufacturing Company, a corporation, of which Henry B. Cohen and Philip Mirviss were the principal stockholders, owned and operated a plant equipped for the manufacturing of clothing. On September 24, 1923, Cohen instituted an action for the dissolution of said corporation and the appointment of a receiver of its property. Thereafter, an agreement was made and entered into by and between the stockholders, appointing M. D. Stern as trustee for the company, giving him full power and authority to take charge of the assets and property of the company, to convert the same into money, pay the creditors and account for the balance, if any, and dismissing the action. Under this agreement, Stern took possession of the property and assets of the company, proceeded to collect the debts, sell the property and apply the proceeds upon the debts and obligations of the company.

Pursuant to an order of the district court, the trustee filed a report of his doings from the time he took possession of the property to March 17, 1924. The court directed pleadings to be made and issues joined, which order was complied with. On March 31, 1924, appellant was appointed and qualified as receiver. On February 16, 1925, a hearing was had and a large amount of testimony was received. The receiver appeared in person with his attorney. The trustee also appeared in person and with his attorney. The receiver's objections were confined to five items, viz:

[1]Reported in 208 N. W. 138.

Personal service of the trustee, $1,387.09; audit of books by Stern-Johnson Company, $1,832.80; amount paid to Segal for rent, $1,250; attorney's fees paid to G. B. Leonard, $485; and the amount realized from sale of certain personal property, $911.96. The trial court, after hearing and duly considering the proofs offered, approved and allowed the report of the trustee except as to two items of disbursements, viz: The charge for personal service of the trustee which was reduced to $1,200 and the charge for the auditing of the books which was reduced to $1,000.

The court then ordered that, in addition to the personal property and money already turned over by the trustee to the receiver, the trustee pay over to the receiver the sum of $1,019.89. From such order, so made and filed by the district court, Rolf Ueland, as receiver, appealed.

It is apparent from the record before us that the trial court gave the closest attention to the testimony bearing upon the issues before it and, after duly considering the same, passed upon the questions of fact before it. We find no cause for disturbing the conclusion arrived at. No question of law was involved. The order appealed from is affirmed.

Affirmed.