WILHELM KUKKUK AND ANOTHER v. STATE BANK OF ECHO.[1]

April 1, 1926.

No. 25,180.

**Question of fact for jury.**

Action to recover money paid; issue whether mortgagors, when paying to its cashier portion of principal of their mortgage to the bank, which had been assigned without their knowledge, were dealing with him as cashier of bank or as an individual, was decided by jury against the bank; verdict sustained. [Reporter.]

Action in the district court for Yellow Medicine county to recover amounts paid by the plaintiffs upon a promissory note secured by a mortgage made by them to the defendant bank and a few days later assigned by the bank to a third person and recorded. The payments were made after the assignment and recording of the mortgage. The jury returned a verdict for the plaintiffs. Defendant appealed from the order, Qvale, J.,

[1]Reported in 208 N. W. 138.

denying its motion for judgment notwithstanding the verdict or a new trial. Affirmed.

*Albert Hauser,* for appellant.

*Daly & Barnard* and *Bert O. Loe,* for respondents.

PER CURIAM.

Plaintiffs executed a promissory note to defendant for the sum of $2,500, on September 26, 1921, payable five years from date, with interest coupons attached and secured by a mortgage upon their farm in Yellow Medicine county. A few days later defendant assigned the note and mortgage to Mr. and Mrs. Conrad Mall of Sleepy Eye through the First National Bank of Sleepy Eye, defendant's correspondent at that place. The assignment was duly recorded, but plaintiffs had no actual knowledge thereof. Plaintiffs transacted their business with F. W. Sommerfield, the cashier and managing officer of defendant bank. They paid the interest as it became due to Sommerfield at the bank. They also paid amounts aggregating the sum of $1,700 to be applied upon the principal, Sommerfield stating that although the principal was not due the payments would be accepted.

Sommerfield was convicted and sentenced to the state prison—upon what precise charge does not appear. It then developed that the amounts of interest paid by plaintiffs had been regularly transmitted to the Malls, but that the amounts of principal paid had never been transmitted to or received by them.

Plaintiffs brought this action to recover the amounts of principal which they had paid and the jury returned a verdict in their favor. Defendant appealed from an order denying its alternative motion for judgment or a new trial.

Defendant does not controvert the fact that plaintiffs paid the money to Sommerfield at the bank and that it was never paid to the holders of the note, but contends that it was not within the scope of his duties as cashier to receive or transmit it.

The note and mortgage were made to defendant. Plaintiffs did not know that they had been assigned or transferred. The recording of the assignment did not operate as notice to them. · G. S. 1923, § 8225. When paying interest they were informed that the papers were at the Sleepy Eye Bank and that it would take a day or two to obtain the coupon, but were not informed of the transfer. The books of defendant bank contained proper entries of the payment and transmission of the interest, but contained no entries relating to the payments on the principal. The only controversy is whether plaintiffs were dealing with Sommerfield as the cashier of the bank or as an individual. The court submitted this question to the jury and their verdict was amply justified by the evidence. In fact it is doubtful, if a verdict to the contrary could be permitted to stand in view of the undisputed facts.

Order affirmed.