ELVA EMILY JACKSON v. HOBART M. JACKSON.[1]

July 9, 1926.

No. 25,420.

**Insufficient proof of inability to comply with order of court.**

Defendant appealed from an order committing him for contempt for failing to comply with an order requiring him to contribute toward the support of his child. The default being admitted the burden was on him to show inability to comply with the order. The showing is not so complete and definite as to require a finding of inability.

Divorce, 19 C. J. p. 305 n. 58; p. 354 n. 99.
Parent and Child, 29 Cyc. p. 1606 n. 88.

See note in 2 A. L. R. (N. S.) 851; 9 R. C. L. pp. 480, 481; 2 R. C. L. Supp. p. 812; 4 R. C. L. Supp. p. 610.

Defendant appealed from an order of the district court for Blue Earth county, Comstock, J., finding him guilty of contempt of court for failure to pay alimony in a divorce action. Affirmed.

*Evan Hughes*, for appellant.
*Morse & Morse*, for respondent.

TAYLOR, C.

Plaintiff was granted an absolute divorce from defendant and was awarded the care and custody of their child, a little girl three years of age, and the sum of $35 a month as alimony toward the support of herself and the child. After three of these payments had become due and only $32 in all had been paid, plaintiff procured an order requiring defendant to show cause why he should not be adjudged in contempt of court for failing to make the past-due payments. On the return day, December 21, 1925, defendant filed his affidavit stating that he had no property or means except what he earned from day to day, and setting forth the amount of his earnings since the first payment became due and his expenditures since that time, making it appear that he had necessarily expended

[1] Reported in 209 N. W. 901.

for his own maintenance substantially all that he had earned except the small sums paid to plaintiff. The hearing was had on January 30, 1926, at which time defendant appeared and testified to the effect that he was operating an auto truck as a dray under an arrangement with the owner of the truck by which he received one-half the earnings; that he kept a record of his earnings and expenditures, but did not have the record with him; and that he did not remember and could not state with any definiteness the amounts he had earned. He maintained however that he had not been able to earn more than his necessary living expenses. The only property he disclosed was an old Ford automobile of little value. His testimony related only to the money he had received after the first of the payments became due. He gave no account of his prior earnings except as covered by the assertion in his affidavit of December 21st that he had no property or means except what he earned from day to day.

The record disclosed that at the beginning of the suit in October, 1924, defendant had been required to contribute $7 a week toward the support of the child during the pendency of the suit; that he made none of these payments until cited to appear in contempt proceedings instituted in June, 1925, when he paid the sum of $49 then past due; and that he had failed to make the remainder of these payments. The court evidently had this fact in mind at the hearing of January 30, 1926, for at the conclusion of the hearing the court observed that defendant had been in default from the beginning and had made no satisfactory explanation of his defaults, and further observed that throughout the proceedings defendant had evinced no inclination to care for his child although she was in dire need and dependent upon him. The court held defendant to be in contempt and committed him to the county jail for a term of 90 days, "unless he shall in the meantime make due contribution for the care of the little child." Defendant appealed from this order.

It appears from the record that on February 9, 1926, an arrangement was made by which defendant agreed to be diligent in prosecuting his business, to keep an accurate account of his earnings and expenditures until March 1, 1926, to contribute toward the support

of the child all that he earned in that period over and above his own necessary living expenses, and to make a full report to the court on March 1, 1926, and that on this condition the sentence was suspended until that date. Defendant insists that this arrangement did not affect his right to prosecute his appeal and should not be taken into consideration and we concur in that view, for the temporary suspension of the sentence does not render his contention a moot question.

It seems to be unquestioned that plaintiff has no property and no money except what she earns in doing housework, and that in order to enable her to do such work she is paying $5 per week for the care of the child. The law imposes upon defendant the duty to support his child and this duty continues until the child reaches such maturity that it is able to support itself. The obligation to support his child does not rest on the decree but on his duty as a parent, and it would still exist as a continuing obligation even if there were no provision in the decree requiring him to support the child. Spencer v. Spencer, 97 Minn. 56, 105 N. W. 483, 2 L. R. A. (N. S.) 851, 114 Am. St. 695, 7 Ann. Cas. 901; Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971; Beigler v. Chamberlin, 138 Minn. 377, 165 N. W. 128, L. R. A. 1918B, 215; Re Koopman Children, 146 Minn. 36, 177 N. W. 777; G. S. 1923, §§ 10135-10137. Only an express provision in the decree can release a parent from his obligation to support his child. The order appealed from merely requires defendant to do what it was his legal duty to do independently of either the order or the decree.

Defendant relies upon the case of Laff v. Laff, 161 Minn. 123, 200 N. W. 936, a case similar to the instant case in most respects, and in which an order committing the defendant to jail was reversed on the ground that he had shown that he was unable to make the specified payments. But in that case it is said that the failure to make the payments made a prima facie case of contempt, and that the burden was on the defendant to show that it was not within his power to comply with the order.

The question upon the present appeal is whether defendant established that it was not within his power to make the required

payments. The trial court deemed his testimony evasive and his showing unsatisfactory and we cannot say that this conclusion was unwarranted. His testimony did not cover the situation with sufficient completeness and was not sufficiently definite and certain to justify this court in interfering.

Order affirmed.