## HENRY B. COHEN v. MIRVISS MANUFACTURING COMPANY AND OTHERS.[1]

December 9, 1927.

No. 26,146.

**Proceeding is for a civil contempt.**

1. A proceeding in contempt to coerce the payment of money is for a civil contempt.

**When accused can be imprisoned.**

2. In such a proceeding one cannot be imprisoned when unable to pay. He can be imprisoned only when he can pay but will not.

**Imprisonment unwarranted on showing made.**

3. Imprisonment of the defendant to coerce payment is not justified on the showing made.

Contempt, 13 C. J. p. 20 n. 81; p. 58 n. 93; p. 76 n. 76; p. 77 n. 93; p. 78 n. 1.

[1] Reported in 216 N. W. 606.

See note in 24 L. R. A. 433; 6 R. C. L. 528.
See note in 22 A. L. R. 1256.

Defendant Stern appealed from an order of the district court for Hennepin county, Montgomery, J. adjudging him guilty of contempt and committing him to jail. Reversed.

*Martin L. Kahner,* for appellant.

*Rolf Ueland,* respondent, pro se.

DIBELL, J.

The defendant M. D. Stern was adjudged guilty of contempt and was committed to jail until he paid the receiver of the defendant Mirviss Manufacturing Company $1,019.89, not exceeding, however, the period of six months. He appeals from the order adjudging him in contempt and committing him to prison.

1. The statute provides that whenever a contempt consists in the omission to perform an act yet in the power of the person to perform he may be imprisoned until he performs it. G. S. 1923, § 9804. The imprisonment in such case is for the purpose of coercion. The proceeding is for a civil contempt. If the proceeding before us was for a criminal contempt it could be reviewed only by certiorari. State v. Leftwich, 41 Minn. 42, 42 N. W. 598; State ex rel. Hurd v. Willis, 61 Minn. 120, 63 N. W. 169; State ex rel. Eder v. Searles, 141 Minn. 267, 170 N. W. 198; Campbell v. Motion Picture Mach. Op. 151 Minn. 238, 186 N. W. 787, and cases cited. On this appeal the order is reviewable only as one made in a proceeding for a civil contempt.

2. Imprisonment for a civil contempt cannot be imposed upon one who has not the ability to pay. There can be no imprisonment for debt. There may be imprisonment for failure to obey an order of the court which is within the ability of the party to perform. One is not imprisoned because he cannot pay but because he can pay and will not. One may be committed in a proper case for contempt for a failure to pay money in supplementary proceedings, State ex rel. Warfield v. Becht, 23 Minn. 411; and for refusing to turn over assets to an assignee, In re Burt, 56 Minn. 397, 57 N. W.

940; and for failure to pay alimony, Hurd v. Hurd, 63 Minn. 443, 65 N. W. 728. But in any case there must be ability to pay. Hurd v. Hurd, 63 Minn. 443, 65 N. W. 728; Register v. State, 8 Minn. 185 (214). And see 1 Dunnell, Minn. Dig. (2 ed.) §§ 1666-1667; 13 C. J. 19, § 24. In In re Walt, 17 F. (2d.) 588, in the United States district court of Minnesota, there is a collection and discussion of cases involving turnover orders in bankruptcy, enforced by contempt, and other cases of contempt. In 22 A. L. R. 1253, 1256, among a number of cases cited there are some holding that one may be adjudged in contempt and imprisoned though he has not the ability to pay. Largely these refer to criminal contempts. Perhaps some of them involve civil contempts. In so far as they do they are not in harmony with the theory of our cases. Nor can contempt be used with propriety to compel friends to come to the financial aid of one who will otherwise be imprisoned. It must be confined to its legitimate purpose of coercing payment from one who can pay but refuses.

3. The facts out of which the order to pay the receiver the $1,019.89 arose are these: On August 4, 1923, the plaintiff Cohen, a stockholder of the Mirviss Manufacturing Company, brought an action against the company and Philip Mirviss, an officer of it, for its dissolution and the appointment of a receiver. About September 24, 1923, the parties entered into an agreement making M. D. Stern "trustee in fact for the defendant corporation." He was to convert the assets of the corporation into money, pay its debts, and hold the balance for the stockholders. The parties agreed to assist him in closing the affairs of the corporation. The action was to be dismissed. It does not appear that there was a formal dismissal but nothing further was done in it.

In February, 1924, Cohen brought the present action against the same defendants, adding Stern, from whom an accounting was asked. In March following Rolf Ueland was appointed receiver. Some time later he instituted a proceeding for an accounting and Stern appeared and accounted. The assets of the corporation were considerably in excess of $20,000. The court found that Stern had

performed his duties under the trust agreement in good faith and with diligence and fairness and to the best interests of all. It found that his charge of $1,387.09 for services should not have been more than $1,200 and that the payment of $1,832.80 for a necessary audit of the corporation books to a company in which he was interested should not have been more than $1,000. The order of the court of date May 16, 1925, directed him to pay the excess charges of $1,019.89 to the receiver. The receiver appealed from this order and it was affirmed on April 1, 1926. Cohen v. Mirviss Mfg. Co. 166 Minn. 510, 208 N. W. 138. In June, 1926, an order to show cause was issued directing Stern to pay the $1,019.89 to the receiver or show cause why he should not be punished for contempt. The hearing was had in July, on affidavits, and on February 2, 1927, the court adjudged Stern in contempt and committed him to the county jail until he paid, not exceeding, however, six months.

The arrangement between the parties whereby Stern was made a trustee was a voluntary one. He was not a party to the action pending when the parties agreed that he should be trustee. He was not appointed by the court. He was not then nor is he now an officer of the court. He never held money as an officer of this court. He is a party to the action, and the receiver was entitled to an accounting of what he had received and disbursed in administering the trust.

We assume, but we are not deciding, that the position of Stern was such that in a proper case he might be compelled by contempt proceedings to pay to the receiver the amount found due on the accounting.

The evidence is meager. The receiver makes no showing that Stern has the money in hand or is able to pay. Stern contents himself with alleging in general terms his inability to pay with a suggestion of sickness incapacitating him from working and earning. He has the affidavit of another in his support. His showing is not satisfactory. If testimony had been taken in the ordinary way the facts would have been developed. The statute, G. S. 1923, § 9801, contemplates that one proceeded against in contempt may

be examined in open court. Of course the parties may voluntarily submit their controversy on affidavits as they did in Laff v. Laff, 161 Minn. 122, 200 N. W. 936. But a party may insist upon evidence being taken in the usual way. State ex rel. Russell v. Ives, 60 Minn. 478, 62 N. W. 831. There is no showing that Stern had the money for which he had to account in his control when the first order of May 16, 1925, was entered, nor afterwards. At most it appears that he took pay for his own services in excess of the amount thought proper and that he paid an excessive sum for an audit. On the showing made there should not be imprisonment for contempt but the receiver should be left to his ordinary remedies.

Order reversed.