[1] Reported in 243 N.W. 384.
In this statutory proceeding, G. S. 1923 (1 Mason, 1927) § 3161, and 1 Mason, 1927, §§ 3161-1, 3161-2, the village of Moose Lake, in Carlton county, appeals from the order denying its motion for amended findings or a new trial.
The one question is as to the settlement, for purposes of poor relief, at the time of the commencement of the proceeding, of Mrs. *Page 350 
Alma E. Skog, a widow, and her four minor children. Until June 9, 1929, the family settlement was in St. Louis county. On that date they moved to Moose Lake in Carlton county. They resided there for more than a year and acquired a settlement, unless there should be excluded, for present purposes, the months of March, April, May, and June, 1929, for all of which Mrs. Skog received a widow's pension of $40 monthly from St. Louis county. It is provided by statute (§ 3161) that in determining place of settlement the time during which a person "has received relief from the poor fund of any county or municipality shall be excluded in determining the time of residence hereunder." In re Leslie, 166 Minn. 180,207 N.W. 323.
Agreeing with the decision below, we do not think that the payment of a mother's pension under the statutes, G. S. 1923, §§ 8671 to 8683, as amended, 2 Mason, 1927, id. can be considered "relief from the poor fund of any county or municipality" under § 3161. In this case the mother's pension in St. Louis county was not paid from the poor fund, but from another raised for that express purpose. But that mere circumstance is not controlling. Our statutes for relief of the poor are of long standing. Their history, both as to amendment and otherwise, need not be gone into. Both as to coverage and purpose they differ broadly from the mothers pension law. The conditions precedent to poor relief are distinct from those for a pension. The need of the beneficiaries is different in the two cases. Settlement is necessary for the relief of a poor person. In the case of a mothers pension it is of no moment. The pension benefit is conditioned not so much upon need of the mother as upon that of the children, the latter being the principal beneficiaries. State ex rel. County of Stearns v. Klasen, 123 Minn. 382, 143 N.W. 984, 49 L.R.A.(N.S.) 597; In re Koopman, 146 Minn. 36, 177 N.W. 777.
There are other differences, both as to scheme and procedure, which are significant. Finally, the mothers pension law, compared with the poor relief statutes, is recent. Therefore the phrase in the old statute (§ 3161), "relief from the poor fund," cannot be construed to include payments from a mother's pension fund, whether *Page 351 
the latter is provided for by taxes levied nominally for poor relief or otherwise. The two systems are so distinctly different in origin, purpose, and process as to prevent interpretative enlargement of § 3161 to include mothers' pensions. That section had no such meaning when enacted because there was then no mothers pension law. In order to give it that meaning now we would have to enlarge it by process of amendment. That is for legislators rather than judges.
It follows that the order under review must be affirmed.
So ordered.