## ALBERT EKBLAD v. ANNA C. EKBLAD.[1]

April 12, 1940.

No. 32,317.

*W. T. Coe,* for appellant.
*Howard M. Englund,* for respondent.

PETERSON, JUSTICE.

Plaintiff was convicted of contempt for failing to pay alimony due to defendant in accordance with the judgment of divorce. The judgment entered on March 18, 1939, provided that plaintiff pay to defendant the sum of $15 per week alimony for the support of

[1]Reported in 291 N. W. 511.

herself and their two minor sons and the sum of $75 not later than May 1, 1939, in full for accrued alimony allowed during the pendency of the action.

The charge of contempt was partially heard on May 18, 1939, and the hearing was completed on August 2. Plaintiff admitted disobedience to the judgment, which he justified upon the grounds of inability to make the payments. He is a plastering contractor engaged in business in St. Paul and Minneapolis. At the first hearing he testified in effect that he worked on two small jobs, one in St. Paul and one in Minneapolis, which brought him $34 and $38, respectively, and from which he realized net the sum of $40. He testified also that he was sick and unable to work due to trouble with his back, which he corroborated by a physician's certificate, that he had not done any other work as contractor or otherwise, and that he had earned no money except as stated during the period from the rendition of the judgment to the hearing. At the second hearing defendant showed that plaintiff had plastering contracts amounting to little less than $3,000 during the period from the rendition of the decree to date of the first hearing, and a little in excess of $2,800 between the first and second hearings. There were 15 contracts in all. When this showing was made plaintiff claimed that he did not make anything from the contracts due to his inability to work himself. He did not produce any evidence as to costs, how the work was done except that he did not work, nor records of any kind. In response to a question by the court, he stated that these contract jobs were no different than the two small jobs which he admitted on the first hearing amounted to $72 and from which he claimed to have earned $40. Thereupon the court adjudged him guilty of contempt.

A husband will not be adjudged guilty of contempt for failure to obey a decree for the payment of alimony where he is unable to make the payments without fault on his part. A *prima facie* case of contempt is established when it is shown that the husband has not made the payments required by the decree. The

allowance is presumed to have been made after due inquiry and to have been fixed at an amount found to be reasonable and within the husband's ability to pay. The burden of establishing inability is then upon the husband. This burden can be met only by such a full, fair, and explicit disclosure by him of all matters touching his financial condition and resources, as shows that he is in fact unable to pay without his fault. Such matters are peculiarly within his knowledge. Where the evidence permits an inference that he is able to pay the burden has not been sustained. Laff v. Laff, 161 Minn. 122, 200 N. W. 936; Jackson v. Jackson, 168 Minn. 196, 209 N. W. 901.

Plaintiff contends that he has justified his failure to make the payments of alimony by a showing which he claims is in effect the same as that in the Laff case, where we held the evidence did not support a finding of contempt. Plaintiff's property was shown to consist of an automobile and some plastering equipment which he used in carrying on his business. But the showing here as to earnings is different than in the Laff case. There it was shown that the husband conducted a small tailoring business and that his earnings were such that he could not comply with the decree. The showing was full, direct, and positive with no suggestion of evasion or concealment. Here there was no such showing. First there was positive concealment of the 15 contracts. Then the facts concerning them were not fully disclosed. The answers to the questions of the court showed that plaintiff was not telling the truth and justified an inference that plaintiff's earnings during the period between the rendition of the decree and the first hearing were sufficient to enable him to pay the alimony awarded. The showing here is like that in the Jackson case, 168 Minn. 196, 209 N. W. 901, where we held that the evidence sustained a finding of contempt.

Defendant is allowed $50 attorney's fees in this court.

Affirmed. .