# IN RE SETTLEMENT OF BENNIE HORTON.
## CITY OF MINNEAPOLIS v. TOWN OF ORONO AND ANOTHER.
## TOWNSHIP OF PLYMOUTH, RESPONDENT.[1]

January 30, 1942.

No. 32,921.

*Jay W. Smith* and *T. M. Thomson*, for appellant.

*R. S. Wiggin*, City Attorney, and *Carsten L. Jacobson*, Assistant City Attorney, for respondent City of Minneapolis.

*Lawrence R. Allison*, for respondent Township of Plymouth.

HOLT, JUSTICE.

Proceeding instituted by the city of Minneapolis in the district court of Hennepin county against the town of Plymouth and the town of Orono to determine the settlement for poor relief for Bennie T. Horton, his wife, and small child. At the trial it was stipulated that the city and the towns mentioned are political subdivisions in Hennepin county, in which county the town system of

[1]Reported in 2 N. W. (2d) 149.

caring for the poor is in effect. It was also stipulated that Bennie and his wife and child are poor persons unable to support themselves within the poor laws of this state. After these stipulations, at the inception of the trial, it was conceded that the determinative fact issue would be whether Bennie had been emancipated by his widowed mother before she gained a settlement for poor relief purposes in Orono, to which place she had removed from Plymouth town in December 1932, she having theretofore resided with her children in the last named town since 1927. And in stipulating for the settled case is this:

"It is hereby stipulated by and between the parties hereto, by their counsel, that the only question upon which an appeal is to be taken is whether or not Bennie Horton was emancipated before his mother, Theresa Horton, acquired a residence for relief purposes in the Town of Orono."

The court found that he had not been emancipated, and determined the settlement for the purpose of poor relief of Bennie, his wife, and child to be in Orono. Orono's motion for amended findings or a new trial was denied, and it appeals from the order.

The assignments of error all center on the finding that Bennie had not been emancipated prior to his mother's obtaining a settlement for poor relief in the town of Orono. In addition to what is above stated, these uncontroverted facts appear: Bennie was born May 15, 1913, at Fertile, this state, and in the fall of the same year his parents removed to Minneapolis. In 1925 his father died. Thereafter his mother, Theresa Horton, removed to the town of Plymouth, where she, with Bennie and some younger children, resided until, on December 7, 1932, she removed to the town of Orono, where she resided continuously until in August 1934, when she removed to the city of Minneapolis. Further facts in respect to Bennie are: From April 14, 1934, to March 31, 1937, he served the United States government in the Civilian Conservation Corps. Between March 31, 1937, and August 1937, he lived with his mother in Minneapolis, and was included in his mother's relief budget, receiving poor relief from the city. August 4, 1937, Bennie enlisted

as a soldier in the United States army, serving until November 22, 1939. About November 3, 1939, he was sent to Fort Leavenworth, Kansas, where he was confined as a federal prisoner until his discharge February 20, 1940. On November 2, 1939, just before being sent to Fort Leavenworth, he was married to Cecelia Keil. Their child, Beverly Jean, was born December 3, 1939. Beginning with the month of May 1940, Bennie and his family have been receiving poor relief from the city. While he was in the CCC camp, his mother received part of his pay. His mother was also a recipient of mother's pension while residing in Orono. The last two facts are of no particular significance upon the issue of emancipation. In re Settlement of Skog, 186 Minn. 349, 243 N. W. 384.

Mason St. 1927, § 3161, the same as L. 1933, c. 385, provides: "Every minor not emancipated and settled in his own right shall have the same settlement as the parent with whom he has resided." Bennie had resided with his mother in Plymouth until she removed to Orono, December 7, 1932. Orono became her place of settlement for poor relief purposes before Bennie became 21 years of age. Emancipation is the act of the parent, the mother in this case, since the father was dead. Emancipation need not be in writing or in express words. It may be implied from conduct. These considerations apply in whatever form of action or proceeding emancipation is for determination. Lufkin v. Harvey, 131 Minn. 238, 154 N. W. 1097, L. R. A. 1916B, 1111, Ann. Cas. 1917D, 583; Caskey v. Peterson, 220 Wis. 690, 263 N. W. 658; Dunks v. Grey (C. C.) 3 F. 862, cited by respondent city. The case of Inhabitants of Lowell v. Inhabitants of Newport, 66 Me. 78, relied on by both parties, is a proceeding like the present under statutes similar to ours, except that five years' residence in a city or town is there required to gain a settlement for poor relief. The principles or rules of law to be followed in determining the fact issue of emancipation are clearly stated. The latest application of that case by the supreme court of Maine is Inhabitants of Trenton v. City of Brewer, 134 Me. 295, 186 A. 612. In that case the father

was living. In the proceeding at bar the mother took the father's place, he being dead. The syllabus reads:

"If the pauper settlement of the father changes during the child's minority, that of the child likewise changes, by operation of law, and regardless of the consent or desire of the parties. Upon emancipation, the child takes his father's pauper settlement, and retains it until he himself acquires a new one.

"Emancipation may take place in one of several ways, during the minority of the child.

"Marriage of a minor son, with the consent, and not contrary to the direction of his parents, works complete emancipation.

"Emancipation is never presumed, but must always be proved. It may be implied from circumstances, or inferred from the conduct of the parties."

These two Maine cases quite fully and satisfactorily discuss the subject of emancipation as applicable to settlement for poor relief of a minor.

If Bennie was emancipated while his mother had her settlement for poor relief in Plymouth town, that town became his settlement also, and the facts above cited as to his life show that he has never acquired any new settlement. But we think there is no evidence requiring a finding that Bennie was emancipated before his mother acquired a settlement in Orono. Bennie was a witness, but his testimony presents nothing upon which any inference of emancipation could be based. Appellant relies on the testimony of the mother. It would appear therefrom that Bennie was the oldest child. There were younger children. While residing in Plymouth town, the mother, Theresa Horton, was receiving a mother's pension. When a child reached 16 years of age, the pension was decreased because of that fact. So Bennie was permitted to work for farmers in Plymouth for his room and board. After the mother moved to Orono, he visited her and occasionally stayed for "a day or so." To the question, "He never made his home with you in Orono?" the answer was "No, just a few days to visit." She also testified that since Bennie was 17 he took care of him-

self. "When it came to a pinch I would help a little, but I was not able to help him much." When she lived in Plymouth town, Bennie "for a little while he would come home and then he would go again." In answer to the question whether Bennie came home to live with her after 1933, she answered, "He may have come for a couple of days. Generally he came home on Sunday morning and would go back in the evening." She admitted that some of his clothes were at her home. There was no understanding or talk between Bennie and his mother, that his time was his own, or that she would not claim his earnings. She did in fact receive part of his wages while he was in CCC service; but that was according to the government requirement.

It may be conceded that the court could have found that Bennie was emancipated while his mother's settlement for poor relief was in Plymouth, but the court did not so find, and in our opinion the preponderance of the evidence is in favor of the finding that he was not emancipated until his majority.

Order affirmed.