## BLANCHE WEBBER KRMPOTICH v. MATT KRMPOTICH.[1]

February 11, 1949.

No. 34,858.

*John F. Ball,* for relator.

*Martini & Perkins,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Certiorari to review the district court's order finding relator guilty of contempt of its prior order of March 18, 1948, which directed defendant to—

"remain away from the premises occupied by plaintiff and that he be restrained from in any way interfering with or molesting plaintiff, either at the house or upon the public streets, or in any

[1]Reported in 35 N. W. (2d) 810.

way interfering with plaintiff or her personal liberty, *pending the further order of this Court* * * *." (Italics supplied.)

The order of March 18 was made during the pendency of a divorce action in which relator was defendant. On May 25, 1948, at the trial of said action, the court made findings and ordered judgment decreeing a divorce between the parties. In the judgment entered pursuant thereto on June 4, 1948, no provision was made for extension of the order of March 18 or for otherwise restricting relator as directed therein.

On July 22, 1948, subsequent to the divorce decree, relator was ordered to show cause why he should not be punished for contempt for his failure to obey and heed the order of March 18, 1948. At the hearing, on August 18, he appeared and moved to dismiss or quash the proceeding on the ground that the order of March 18 had terminated with the divorce decree, that no permanent injunction restraining him had been included in the decree, and accordingly that there was no order in existence at that time under which he could be held in contempt.

This motion was denied, and the court proceeded to hear testimony of witnesses in support of the contempt proceedings. Following such testimony, relator's counsel requested leave of the court to permit relator to testify in his own behalf, but the court refused to hear him in this connection.

On review here, relator asserts that (1) the trial court erred in denying his motion to dismiss the contempt proceeding on the ground that the previous restraining order was no longer in effect; and (2) the court erred in refusing to permit relator to testify in his own behalf.

■ We are of the opinion that relator's motion to dismiss and quash the proceeding should have been granted. The order of March 18, made *pendente lite,* terminated with the entry of the decree of divorce on June 4, 1948. Thereafter, it being no longer in existence, relator could not be held to be in contempt thereof. See, Richardson v. Richardson, 218 Minn. 42, 15 N. W. (2d) 127; Trutnau v. Trutnau, 221 Minn. 462, 22 N. W. (2d) 321.

■ The order should be reversed for the further error in the trial court's refusal to permit relator as defendant in the contempt proceeding to testify in his own behalf. M. S. A. 588.09 provides that in contempt proceedings:

"When the person arrested has been brought into court, or has appeared, the court or officer shall investigate the charge by examining him and the witnesses for and against him, * * *."

Section 588.10 specifically provides:

*"Upon the evidence so taken,* the court or officer shall determine the guilt or innocence of the person proceeded against * * *." (Italics supplied.)

It is obvious, not only under such statutes, but by virtue of the constitutional requirements of due process, that relator should have been permitted to testify in his own behalf. The court's refusal to permit him to do so clearly constituted reversible error. See, Cohen v. Mirviss Mfg. Co. 173 Minn. 100, 216 N. W. 606; State ex rel. Hurd v. Willis, 61 Minn. 120, 63 N. W. 169; State v. Binder, 190 Minn. 305, 251 N. W. 665.

Reversed.