WILLIAM J. HURD v. ANNA A. HURD.[1]

January 20, 1896.

Nos. 9689—(216).

**Divorce—Failure to Pay Alimony—Contempt—Constitution.**

Where, in an action for divorce, the husband is ordered by the court to pay to the wife certain sums as suit money and temporary alimony, and is unable to pay the same, and he has not voluntarily created the disability for the purpose of avoiding such payment, he cannot be imprisoned until he obeys the order. But where he has the power to comply with the order, and fails to do so, he is guilty of a contempt of court, and may be imprisoned until he purges himself of the contempt by paying the money as ordered. The enforcement of the order under such circumstances does not violate the constitutional provision forbidding imprisonment for debt.

**Inability to Pay Alimony—Burden of Proof.**

Where the husband fails to comply with the order directing the payment of temporary alimony, the burden is upon him to satisfy the court, by a full and fair showing of his financial condition and resources, that his failure to obey the order was due solely to his inability to make the payment.

**Imprisonment for Contempt.**

The records and evidence in this case considered, and *held*, that they sustain the order of the trial court directing that the plaintiff be imprisoned until he obeys the previous orders of the court commanding him to pay alimony to the defendant.

Appeal by plaintiff from an order of the district court for Ramsey county, Willis, J., requiring him to pay alimony and ordering that in the event of his refusal he be imprisoned. Affirmed.

*Henry & R. L. Johns* and *F. W. Zollman*, for appellant.
*McCafferty & Noyes*, for respondent.

START, C. J. Action for divorce. Prior to April 10, 1895, the district court made its orders directing certain sums of money to be paid by the plaintiff to the defendant for attorney's fees and temporary alimony. The plaintiff paid a portion of the amount so ordered to be paid, but neglected and refused to pay the balance, so that, on the day named, there was due and unpaid by the terms

[1] Reported in 65 N. W. 728.

of the orders the sum of $500; and on that day a motion was made on behalf of the defendant, based upon the affidavits of the defendant and her attorney, and all the records and files in the case, for a peremptory order of the court "directing the payment of attorney's fees and alimony, as hereinbefore ordered by the court, and within a time to be fixed by the court, and that in the event of the failure of the plaintiff to comply with such order, that plaintiff be punished as and for contempt of court." Upon the application of the plaintiff, the hearing upon the motion was continued to April 27, when he appeared, and opposed the motion, upon the affidavits of himself, his attorney, his business manager, and a third party. The court, having heard and considered the matter, made its order on April 29, adjudging the plaintiff guilty of criminal contempt in not complying with its previous orders, and, as punishment therefor, imposed upon him a fine of $125. This part of the order was before this court in the case of State v. Willis, 61 Minn. 120, 63 N. W. 169, and is not here in question. The order further directed as follows: "Ordered, that the said plaintiff be, and he is hereby, peremptorily required to pay on or before Tuesday, the 30th day of April, 1895, at 10 o'clock in the forenoon of said day, the amount set forth as being due, to wit, the sum of five hundred ($500.00) dollars, heretofore allowed by the several orders of this court to the defendant or to her attorneys; and that, in the event of his failure or refusal so to pay said sum, he be, and he is hereby ordered to be, committed to the common jail in and for the county of Ramsey and state of Minnesota, and to be imprisoned therein until said amount is fully paid and liquidated." The plaintiff appealed from the part of the order which we have quoted.

G. S. 1894, § 4810, provides that, if the husband in an action for a divorce disobeys the order of the court directing him to pay alimony, he may be punished by the court as for contempt, pursuant to G. S. 1894, c. 87, § 6168, which reads as follows: "When the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he performs it; and in that case the act shall be specified in the warrant of commitment." The plaintiff claims that the statute authorizing the imprisonment for contempt in refusing to pay alimony is a violation of the constitution forbidding imprisonment

for debt. If the statute is to be construed as authorizing the imprisonment of a party neglecting or refusing to pay alimony which the court has ordered him to pay until he does pay, without reference to his power to comply with the order, it is unconstitutional. Register v. State, 8 Minn. 185 (214). The statute, however, is to be construed as applying only to cases where the husband has the ability to comply with the order of the court, and will not do so. So construed, it is constitutional. If it is in his power to comply with the order of the court, his refusal is a contempt of the court, and he may be imprisoned until he purges himself of the contempt by complying with the order. The imprisonment in such cases is for the contempt, and not for debt. State v. Becht, 23 Minn. 411; Lewis v. Lewis, 80 Ga. 706, 6 S. E. 918; Ex parte Spencer, 83 Cal. 460, 23 Pac. 395.

It follows, then, that the plaintiff is not guilty of contempt of court in not paying the alimony as ordered, if he was unable to do so, and did not voluntarily create the disability for the purpose of avoiding such payment; but if, at the time the order appealed from was made, he had yet (that is, still) the power to do the act he was ordered to do, and pay the alimony, his refusal was a contempt, and the order of the court imprisoning him until he purged himself of the contempt by making such payment was legally and properly made.

It is claimed on behalf of the plaintiff that his refusal to pay the alimony was not willful, but that it was beyond his power to do so, and that it was not shown on the hearing of the motion that he could pay the alimony if he would. The burden, however, was on him to show that he could not comply with the order, for the orders fixing the amount of the temporary alimony, and directing its payment, were not appealed from, and it must be presumed, prima facie, at least, that, in fixing the amount to be paid, the court fully investigated the plaintiff's pecuniary condition and resources, and directed him to pay only such reasonable sum as he was able to pay. Therefore, when it was shown that he had not obeyed the orders of the court, a prima facie case of contempt was made against him, and the burden was upon him to show that it was not in his power to obey the order. His financial condition and resources were matters peculiarly within his own knowledge,

and he was called upon to make a full, fair, and direct showing as to them if he would justify his neglect to obey the orders of the court. The plaintiff's affidavit and that of his general manager did not meet this requirement, and the district court was justified in finding that they were evasive in important particulars, and that the plaintiff was trifling with the authority of the court. His affidavit is explicit as to his real estate, and fairly shows that he could not raise the money with which to pay the alimony from this source. But with reference to his income from his business he palters in a double sense. The defendant's affidavit charged that he was in receipt of an income of $8,000 per year from his business as a dentist, and in his affidavit he denies that his income is $8,000, but he does not state what it is. If it was $7,999, the denial would be literally true. He does, however, state that his income is no more than sufficient to pay the expenses of his business and the necessary expenses of living; but the amount and nature of the expenses are not stated. The affidavit of his general manager is subject to the same criticism. It states conclusions instead of facts. The order appealed from necessarily involves a finding that the plaintiff was able to comply with the order of the court as to the payment of alimony, and, from a consideration of all the affidavits, records, and proceedings upon which the order in question was based, we hold that the finding and order are supported by the evidence.

The claim of the plaintiff that he was convicted without notice or trial is not sustained by the record so far as that part of the order appealed from is concerned. The motion was for a peremptory order directing the plaintiff to pay the alimony, and, if he failed to obey, that he be punished for contempt. He appeared, and opposed the motion, not on the ground that no demand had been made upon him for payment, or because he was not given an opportunity to be heard, but because he was unable to comply with the orders of the court.

Order affirmed.