Spear, J.
The ground of reversal by the circuit ■court was twofold: one that the complaint is insufficient in law, and the other that the common pleas had not jurisdiction to entertain and grant the motion.
1.. Was the complaint sufficient in law? The specific objection is that it does not allege that it was then in the power of the defendant to perform the act, that is, pay the money. We are of opinion that the objection is not good. The order of the trial court fixing the amount of the alimony to be paid was ■an imperative order. It was made, presumably, after due inquiry into the defendant’s financial condition, and was fixed at an amount which the court found was reasonable and that the defendant would be able to pay. It being shown, therefore, that the defendant had not obeyed the order of the court, a prima facie case, at least, had been made that he was in •contempt provided the failure to satisfy a final decree for alimony could be made the basis of a proceeding in contempt. It followed that the burden was upon the defendant to show that it was not in his power to obey the order, and, if this be so, then it would also follow that the complainant was not required to allege such want of ability in the complaint.
*571 Nor is this an unreasonable requirement. Tbe defendant’s financial condition and ability to pay were peculiarly witbin bis own knowledge. They could not be known with tbe same certainty to tbe complainant, nor could sbe easily produce evidence to maintain tbe proposition were tbe burden of proof placed upon ber. Hurd v. Hurd, 63 Minn., 443; Andrew v. Andrew, 62 Vt., 495; Holtham v. Holtham, 6 Misc. (N. Y.), 266.
But if tbis were not so, still no substantial injustice was wrought in tbis case by tbe bolding of tbe common pleas. In bis answer tbe defendant set up, in affirmative terms, that be bad no means wherewith to pay and that be was utterly insolvent. Tbis was denied by tbe reply. Tbe issue thus was presented, and tbe same being tried tbe court found it was in tbe power of tbe defendant to pay tbe alimony but that be still refused to do so, and adjudged accordingly. So that, in either view, tbe bolding of tbe common pleas on tbis phase of tbe case would not be reversible error.
2. A more serious question is involved in tbe contention of defendant in error with reference to tbe power of tbe court to punish for contempt one who fails to pay a final judgment for alimony. Tbe contention is that money decreed for alimony, made upon final trial, is not such an order that punishment as for a contempt may follow a failure to comply with it. It is insisted, in support of tbis proposition, that tbe judgment for alimony is a debt, and that imprisonment for debt does not obtain in Ohio. Of course if tbis proposition is true tbe conclusion follows by force of tbe constitutional provision, section 15, article 1: “No person shall be imprisoned for debt in any civil action, on mesne or final process, unless *572 in cases of fraud.” But is the claim a debt within the meaning of this clause? It is described as a judgment, but it is not supposed that the term applied to the adjudication aids much in defining its. real character. Many claims result in judgment in some form which do not have their origin in debt.
Authority for the provision for alimony to the wife rests upon two clauses of our statutes. That where-divorce is granted is found in section 5699, and is:. “When divorce is granted by reason of the.aggressions of the husband, the wife * * * shall be allowed such alimony out of her husband’s real and personal property as the co,urt deem reasonable, having due regard to the property which came to him by marriage, and the value of his real and personal estate at the time of the divorce, which alimony may be allowed to her in real or personal property, or’ both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court deems just and equitable.” That where alimony alone is granted is given in section 5703 thus: “The court shall upon satisfactory proof of any or all of the charges in the petition * * * give judgment in favor of the wife for such alimony out of her husband’s real or personal property as is just and equitable, which may be allowed to her in real or personal property, or both, or in money payable either in gross or in installments.” It seems manifest that so far as the obligation of the husband enters into the consideration and affords a basis for the court’s action, it is not a debt in the sense of a pecuniary obligation; it arises from a duty which the husband owes as well to the public as to the wife, but it is not upon any specific contract; nor is the proceeding in which the adjudication is had a civil action. The liability orig *573 inates in the wrongful act of the husband against the consequences of which the public as well as the wife has the right to be protected. Beyond this the provision for alimony is an allowance. It is in the nature of a partition. Recognizing the right of the wife to participate in the accumulations which are presumably the result of their joint efforts and joint economies, and having in mind at the same .time any property which may have come to the husband by the marriage, the law wisely awards the wife a just and equitable proportion of the whole, and for purposes of convenient execution and to meet all varying situations, this allowance may be made either in real or personal property, or both, or in money, payable in .gross or in installments, as to the court may seem reasonable. The court does not decree alimony as a debt to the wife, or as damages to be paid to her by her late husband, but as a part of the estate standing in his name in which she has a right to share, fixed by the court in its discretion and thus appropriated to her, and to which she thereupon becomes legally entitled. The withholding of this allowance, therefore, by the husband, when able to respond, is a refusal to abide by and perform the order and decree of the court, and it is difficult to see why such refusal should not be punished as a contempt for the same reason and upon the same grounds that orders and decrees of courts of equity, in injunction and the like, are in like manner enforced. Our statute, section 5640, provides punishment as for a contempt for “disobedience of, or resistance to a lawful writ, process, order, rule, judgment or command of a court,” etc. This enactment may not receive a literal interpretation, but may properly be restrained as in Bank v. Becker, 62 Ohio St., 289, and still have application to a proceeding *574 resting on a decree for alimony. In that case, treating of debts, it is held that: "Money obligations, resting upon contract, express or implied, and judgments rendered thereon, are debts within the purview of section 15 of the bill of rights, which forbids imprisonment for debt in civil actions.” We are not to. be understood as meaning that this holding, directly supports the proposition that a decree for alimony is not a debt. It is, however, a carefully considered declaration in a case involving the general question,, and is entirely consistent with that proposition.
It has been supposed by some that the power of' punishment for contempt for refusing to pay alimony is confined to orders for payment of alimony pendentelite, such orders being for the maintenance of the wife during the litigation and the payment of her necessary expenses in conducting it; and it is apparent that the refusal to comply with such orders does, tend to obstruct the course of justice, an incident not. present in the case at bar. We are of opinion that this distinction simply furnishes an additional reason for the enforcement of the order, but does not. differentiate the two cases in principle.
It is held in Conrad v. Everich, 50 Ohio St., 476, that, a decree for alimony in money payable in gross will operate per se as a lien on lands and may be enforced by execution, and this case is cited as establishing that a decree for alimony is a debt. We think it is not authority for the proposition. True the opinion cites some cases wherein it is held that such decree creates a debt of record, but it is to be noted that the learned judge who reported that case favors the construction that the right to alimony is based upon the duty of the husband to afford support to the wife and a paramount obligation springing out of a sacred re *575 lation which, when it passes into judgment, should carry with it the well known binding force of judgments at law. In other words, there should be afforded to the injured party all remedies practicable for the enforcement of her rights and the collection of her just demands. This, we think, falls short of holding that alimony is a debt within the meaning of the constitution. See, also, Lockwood v. Krum, 34 Ohio St., 1.
We are of opinion that the decree for alimony is not a debt within the meaning of the constitutional inhibition; that it comes fairly within the provision of section 5640, supra, and that a refusal to comply with the order, the party being able, may be punished as for a contempt. Lewis v. Lewis, 8 Ga., 706; Wightman v. Wightman, 45 Ill., 167; Hurd v. Hurd, supra; Andrew v. Andrew, supra; Lyon v. Lyon, 21 Conn., 185; Lansing v. Lansing, 41 How. (N. Y.), 248; Ex Parte Perkins, 18 Cal., 60; Dwelly v. Dwelly, 46 Me., 377; Rapalje on Contempts, Sec. 36; Stewart’s Marriage and Divorce, Sec. 378; 4 Ency. P. & P., 803; 2 Bishop’s Marriage and Divorce (6 ed.), section 498. See, also, Musser v. Stewart, 21 Ohio St., 353.
3. It remains to consider whether or not the proceeding in contempt was instituted in the right court. Did the defendant’s conduct put him in contempt of the judgment of the common pleas, or was it of the circuit court? Provisions of the statute having application are:
“Section 549. The supreme court or the circuit court may remand its final decrees, judgments or orders, in cases brought before it on error or appeal, to the court below, for the specific or general execution thereof, as the case may require, and may also re *576 maud causes which so come before it to the inferior courts for further proceedings therein.”
“Section 5239. When the circuit court makes a final order, or renders a final judgment, in cases brought before it on appeal, it may enforce the same by process issued therefrom, or may remand the same to the common pleas for execution or other process; the clerk of the circuit court shall certify the same to the common pleas, and the clerk of the common pleas court, on receipt of the certified transcript shall immediately enter the same on the journal; and the judgment or orders so entered, unless otherwise directed by the circuit court, shall for the purpose of execution and other process, stand as the judgment of the common pleas court.”
“Section 6736. When a judgment or final order is reversed, either in whole or in part, in the common pleas court, the circuit court or the supreme court, the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the case to the court below for such judgment; * * * the court reversing or affirming such judgment or final order, shall not issue execution in causes that are so brought before it on error, on which it pronounces judgment as aforesaid, but shall send a special mandate to the court below, as the case may require, for execution thereon, and the court to which such special mandate is sent shall proceed in the same manner as if such judgment or final order had been rendered therein,” etc.
The question is not without difficulty. Much may be said, and well said, perhaps, on either side, and authorities are in apparent conflict. We do not enter into a discussion of it here, but content ourselves with the announcement that, considering all the statutes *577 bearing upon the question, and especially having in mind the general policy of our legislation in the direction of entrusting the enforcement of all final judgments and decrees of reviewing courts to the court of general jurisdiction, to-wit, the common pleas, this court is of opinion that the better view is that it is the purpose of the statute to vest in that court power to enforce decrees remanded to it of this character by all appropriate process and proceeding, and that, therefore, the proceeding in contempt was in this case properly instituted in the common pleas. See Hulett v. Fairbanks, 41 Ohio St., 401.
Grounds other than those assigned by the circuit court are urged by counsel for defendant in error as justifying the reversal of the judgment of the common' pleas. We have considered the points presented, but are unable to agree that they afford sufficient ground for reversal.
It follows that the judgment of the circuit court will be reversed and that of the common pleas affirmed.

Judgment reversed.

Burket, Davis and Shauck, JJ., concur. Price, J., not sitting.