## IN RE MRS. OWEN JENISON CONTEMPT PROCEEDINGS.

125 N. W. (2d) 588.

December 20, 1963—No. 38,940.

*John S. Connolly, Louis W. Claeson, Jr.,* and *Jesse Choper,* for relator.

*Walter F. Mondale,* Attorney General, *Charles E. Houston,* Solicitor General, and *Erwin G. Schwartz,* County Attorney, for respondent.

PER CURIAM.

The relator, Laverna H. Jenison, was found guilty of contempt by the District Court of Renville County for refusing on religious grounds to serve as a petit juror. On review this court affirmed, March 8, 1963. In re Jenison Contempt Proceedings, 265 Minn. 96, 120 N. W. (2d) 515. The United States Supreme Court granted certiorari, vacated the judgment, and remanded the case to us for further consideration "in light of Sherbert v. Verner, 374 U. S. 398, [83 S. Ct. 1790, 10 L. ed. (2d) 965]," decided by that court on June 17, 1963.[1]

---

[1] In re Jenison Contempt Proceedings, 375 U. S. 14, 84 S. Ct. 63, 11 L. ed. (2d) 39.

Upon reconsideration we have come to the conclusion there has been an inadequate showing that the state's interest in obtaining competent jurors requires us to override relator's right to the free exercise of her religion. Consequently we hold that until and unless further experience indicates that the indiscriminate invoking of the First Amendment poses a serious threat to the effective functioning of our jury system, any person whose religious convictions prohibit compulsory jury duty shall henceforth be exempt.

What constitutes "religion," and whether the free exercise of conscience is also entitled to protection, are questions yet to be decided by the United States Supreme Court. Nor are we able to suggest future guidelines for ascertaining in particular cases whether or not the First Amendment is being invoked with sincerity. Where a juror is a member of a faith which includes as a part of its dogma a prohibition against jury duty, the problem is relatively simple. It becomes more difficult when a personal religious conviction, unrelated to any sectarian creed, is claimed. Suffice it to say that trial courts will have to determine in each instance, with whatever evidence is at hand, whether or not the assertion of a belief which is protected by the First Amendment is in fact a spurious claim.

However, in the instant case relator has convincingly demonstrated her sincerity by preferring jail to the compromise of her religious faith. Accordingly, she is discharged from further obligation to serve as a petit juror, her conviction for contempt is reversed, and a judgment of acquittal will be entered.

Reversed.