AUTOMOTIVE MERCHANDISE, INC. v. ROBERT L. SMITH AND ANOTHER, INDIVIDUALLY AND d.b.a. SUBURBAN AUTO SUPPLY, AND ANOTHER.

212 N. W. 2d 678.

November 9, 1973—No. 44005.

*Jerry Rosenzweig*, for appellants.

*Firestone, Fink, Krawetz, Miley & Maas* and *John D. Hirte*, for respondent.

Heard before Knutson, C. J., and Kelly, Todd, and Scott, JJ., and considered en banc.

PER CURIAM.

Defendants appeal from a default judgment entered in a replevin action and seek to first raise the constitutionality of said proceedings in this court. We affirm.

Plaintiff, pursuant to a security agreement given to it by defendants, commenced an action in replevin in the district court. Pursuant to statute plaintiff filed an affidavit, requisition, and bond, which was approved by the sheriff, and plaintiff's counsel accompanied the sheriff to defendants' place of business.

There, the sheriff served the replevin process, but while they were on defendants' premises, counsel for defendants contacted plaintiff's attorney and arrangements were made for rebonding. An inventory of the items was completed, but no merchandise seized. Defendants rebonded pursuant to the statute and retained possession of the property.

Defendants interposed a general denial. When the case was called for trial, they did not appear and a default judgment was entered. During the interval between the hearing and the issuance of the court's order for judgment, the United States Supreme Court announced its decision in Fuentes v. Shevin, 407 U. S. 67, 92 S. Ct. 1983, 32 L. ed. 2d 556 (1972). The Fuentes decision rendered unconstitutional state replevin proceedings where no preseizure hearing was held. Following the entry of this decision, defendants permitted the default judgment to be entered and appealed from the judgment to this court. On appeal they raise for the first time the constitutionality of the Minnesota replevin statute. The constitutional question was never raised in the trial court nor was any notice served upon the attorney general pursuant to Rule 144, Rules of Civil Appellate Procedure. Where the state is not a party and a litigant seeks to raise the issue of the constitutionality of an act of the legislature, a prerequisite for consideration of such issue in this court is notification to the attorney general. Schoepke v. Alexander

Smith & Sons Carpet Co. 290 Minn. 518, 520, 187 N. W. 2d 133, 135 (1971). Failure to give this notice is sufficient grounds to refuse to consider this issue on appeal.

However, a more fatal defect is the failure of defendants to raise the issue in the lower court. We have refused to decide an issue of constitutionality raised for the first time in this court and at no time challenged or litigated in the court below. Ukkonen v. City of Minneapolis, 280 Minn. 494, 500, 160 N. W. 2d 249, 253 (1968). Defendants having failed to raise the issue in their pleadings in the lower court, having allowed default judgment to be entered against them, and having failed to take any steps in the lower court to correct this matter, the issue of constitutionality will not be considered in this case by this court.

We are inclined to observe that the replevin procedures provided by statute in Minnesota do not meet the tests required by the Fuentes case. In a replevin procedure, where the issue is properly raised in this court, a preseizure hearing will likely be held to be a necessary requisite to validate any replevin proceeding resulting in immediate delivery of the property.[1]

Affirmed.

---

[1] See, Thomas v. Omodt (D. Minn.) No. 4-71-Civ. 14, August 25, 1972 (unreported decision by Judge Earl R. Larson).