## WILLIAM R. HAMPTON v. SYLVIA B. HAMPTON.

229 N. W. 2d 139.

April 18, 1975—No. 45059.

*William R. Hampton,* pro se, for appellant.

*Robins, Davis & Lyons, Steven B. Liefschultz,* and *Ernest I. Reveal III,* for respondent.

TODD, JUSTICE.

On November 24, 1971, a divorce decree in the above entitled case was entered which incorporated a stipulation of the parties awarding to defendant the custody of their minor child, alimony, and monthly child support until such time as the minor became 21, married, self-supporting, or entered the armed forces, whichever occurred first.

The minor child of the parties turned 18 on May 27, 1973, and prior to that date, in April 1973, plaintiff stopped paying alimony and child support. In November 1973, defendant moved the district court for an order finding plaintiff in contempt of court for his continuing failure to pay alimony and child support. Plaintiff moved the court to amend the original support decree to reflect the emancipation of the child due to the "age of majority" act, L. 1973, c. 725, which went into effect June 1, 1973, contending that this statutory change ended his obligation to support the child. The district court denied plaintiff's motion and on November 16, 1973, found him in contempt of court. This appeal followed an order entered March 6, 1974, denying plaintiff's motion for a rehearing. Further proceedings have not elicited any payment from plaintiff, and on June 3, 1974, plaintiff was sentenced to 45 days in the county workhouse, with a 12-month stay to allow him to purge his contempt. We affirm in part and reverse in part.

Plaintiff raises two issues, contending: (1) that the award of alimony to a wife pursuant to Minn. St. 518.45 is unconstitutional in that it discriminates against men based solely on their sex; and (2) that the statutory change in the age of majority applies retroactively to cancel his support obligation and that he cannot be found in contempt for disobeying the original decree in the light of this statutory change.

█ At the outset, we must state that plaintiff has failed to give proper notification to the office of the attorney general regarding his intent to challenge the constitutionality of a statute. This is a violation of Rule 144, Rules of Civil Appellate Procedure. Plaintiff presents this constitutional argument for the first time in his brief on this appeal. Where an issue of constitutionality is not raised and acted upon in the court below, a party will not be heard to raise the issue for the first time on appeal to the supreme court. Automotive Merchandise, Inc. v. Smith, 297 Minn. 475, 212 N. W. 2d 678 (1973); Ukkonen v. City of Minneapolis, 280 Minn. 494, 500, 160 N. W. 2d 249, 253 (1968).

■ We hold in Brugger v. Brugger, 303 Minn. 488, 229 N. W. 2d 131 (1975), filed herewith, that L. 1973, c. 725, § 74, lowering the age of majority from 21 to 18, did not apply retroactively to invalidate rights established by judgments entered prior to the effective date of the statutory amendment, June 1, 1973,[1] and that there is no compelling reason for a contrary result. However, we decline to extend that reasoning to the use of the extreme remedy of contempt to enforce such decrees as to adult children.

The Minnesota Supreme Court and the district courts of our state were established by Minn. Const. art. 6, § 1, and are therefore constitutional courts. The power of a constitutionally created court to punish for contempt is an inherent power of the court. State ex rel. Russell v. Ives, 60 Minn. 478, 62 N. W. 831 (1895); In re Contempt of Cary, 165 Minn. 203, 206 N. W. 402 (1925); State v. Binder, 190 Minn. 305, 251 N. W. 665 (1933).

In considering the exercise of contempt power by the court, we have said that the court's power is arbitrary, born of necessity, and must be exercised with great prudence. In re Jenison Contempt Proceedings, 265 Minn. 96, 120 N. W. 2d 515, remanded, 375 U. S. 14, 84 S. Ct. 63, 11 L. ed. 39, reversed, 267 Minn. 136, 125 N. W. 2d 588 (1963). The need for caution is no less apparent under the facts of this case.

We perceive no interest of the state in this matter. The state by legislative enactment has evidenced an interest in support of minor children, incapacitated children irrespective of their age, and alimony payments for a spouse. However, by legislative enactment, the state has declared that children after their 18th birthday are adults and are not entitled to support from their parents. The courts should respect this expression of state policy and not invoke the extreme sanctions of contempt to enforce provisions of judgments contrary to this policy.

---

[1] In Yaeger v. Yaeger, 303 Minn. 497, 229 N. W. 2d 137 (1975), we reached the same holding for support decrees incorporating stipulations of the parties.

We have previously held that contempt proceedings are not available to enforce payments of accrued child support after the child reaches majority. In Lieder v. Straub, 230 Minn. 460, 463, 42 N. W. 2d 11, 13 (1950), Mr. Chief Justice Loring stated the reason for this rule:

"* * * The purpose of our statute (§ 518.17) and its enforcement by contempt proceedings is to insure support for the children during their minority. *When they reach majority, the purpose and justification for the extraordinary remedy has expired.* Hence, we are of the opinion that the legislature did not authorize the court to enforce its orders for support money for the children by extraordinary remedies after the childen reached majority. *The right to a judgment enforceable by ordinary remedies alone remained.*" (Italics supplied.)

See, also, Zieman v. Zieman, 265 Minn. 190, 121 N. W. 2d 77 (1963); Annotation, 32 A. L. R. 3d 888.

Our decision in Brugger v. Brugger, *supra,* does not alter the basic philosophy of the Lieder case. By legislative act, the age of majority is reduced to 18. We have upheld the validity of decrees entered prior to the reduction of the age of majority. However, the policy of this state at the time of these contempt proceedings, as evidenced by its legislative enactment, demonstrates no state interest in support of children when they have reached the age of 18. This, of course, does not alter the validity of the judgment as between the parties. As we said in Lieder, the judgment is enforceable by ordinary remedies such as levy, attachment, garnishment, and other proceedings available to judgment creditors under the laws of this state.

Moreover, as we said in Lieder, the purpose and justification for the extraordinary remedy has expired. To allow contempt proceedings in this situation would be to abandon our previously announced declaration with respect to the caution to be used in the exercise of this extreme power.

In Dawson v. Dawson, 71 Wash. 2d 66, 426 P. 2d 614, 32

A. L. R. 885 (1967), the court, in considering the issue of contempt proceedings after the child reached majority, cited with approval our decisions in Lieder v. Straub, *supra,* and Zieman v. Zieman, *supra.* The court quoted with approval the following language appearing in the trial court's memorandum, which we find most appropriate (71 Wash. 2d 68, 426 P. 2d 616, 32 A. L. R. 3d 887):

"Because the cases following the majority rule are the better reasoned, and because the custodian of the children does not lose her right to collect arrearage in support by garnishment, attachment or execution, and finally because the extraordinary remedy of civil contempt should not be extended needlessly, the majority rule will be followed in the case at bar as being the most reasonable construction of our statute. Contempt proceedings do not properly lie in this case."

As indicated previously, the validity of the judgment as between the parties is not questioned and the only issue is the method of enforcement of the judgment. We hold that our decision in Lieder is controlling and reverse that part of the order adjudging plaintiff in contempt for failure to pay support money to his child after she reached the age of 18 and also for failure to pay support accrued prior to her reaching the age of 18. We remand the matter to the lower court to reconsider its order for contempt as it relates to alimony.

Affirmed in part; reversed in part.

KELLY, JUSTICE (concurring and dissenting).

I concur with that part of the decision that holds that L. 1973, c. 725, § 74, does not apply retroactively to terminate child support obligations at age 18. I also concur with the majority holding that the power of this court to punish for contempt is an inherent power which cannot be created or destroyed by the legislature. However, we have often carried out the policies of the legislative branch of the government as pronounced by statutory law and indeed have done so in upholding orders of the trial

courts enforcing divorce decrees. Hurd v. Hurd, 63 Minn. 443, 65 N. W. 728 (1896). Hurd does not discuss the power of the legislature to create contempt powers and undoubtedly this court at that time accepted as a matter of comity the policy enunicated by the legislature in G. S. 1894, § 4810, which permitted the enforcement of divorce decrees by contempt as does Minn. St. 518.-24 today. Whether the power to enforce decrees for support is premised on the inherent powers of the court or of the legislature should not be determinative of the issue. If it is matter of policy for this court's determination, I would permit its use in the discretion of the court below given the circumstances of this case. If we are to base it on the policy of the legislature, we are advised by that body that their enactments are not to be given retroactive effect unless clearly intended by the legislature. Brugger v. Brugger, 303 Minn. 488, 229 N. W. 2d 131 (1975).

The payment of support or other allowances to a spouse is so intertwined with the other provisions in a divorce decree that the equities as weighed and balanced by the trial court would be thrown out of balance by a holding that contempt proceedings are not available to enforce the provisions dealing with support. This kind of result is undoubtedly the basic reason behind the statutory presumption against giving retroactive effect to all legislative enactments. Thus, if we base our decision on the policy of the legislature for reasons of comity, the policy of permitting the trial court to enforce allowances for support by contempt proceedings should be continued because the legislature has created a presumption against retroactive effect.

The case of Lieder v. Straub, 230 Minn. 460, 42 N. W. 2d 11 (1950), cited in the majority opinion, should apply to all support provisions in divorce decrees entered after the effective date of the statute changing the age of majority to 18. That case was premised on legislative intent as indicated by these words quoted in the majority opinion: "Hence, we are of the opinion that the legislature did not authorize the court to enforce its orders for support money for the children by extraordinary remedies after

the children reached majority." 230 Minn. 463, 42 N. W. 2d 13. I would conclude that the legislature did authorize this court to decide that no retroactive effect was to be given to the key statutes in this case and that consequently, enforcement of support provisions in this case by contempt proceedings is permissible and within the confines of legislative policy.

MacLaughlin, Justice (concurring and dissenting).

I agree with the concurring and dissenting opinion of Mr. Justice Kelly for the reasons which he states and for the reasons stated herein.

First, I have little doubt that, had the legislature expressly stated that L. 1973, c. 725, § 74, did not apply retroactively to terminate child support provisions contained in divorce decrees entered prior to the effective date of the act, this court would hold contempt proceedings to be applicable to enforce such decrees. Given our opinion in Brugger v. Brugger, 303 Minn. 488, 229 N. W. 2d 131 (1975), which obviously has the same effect as if the legislature had included an express provision, I can perceive no reason why contempt proceedings should not be held applicable to enforce the decrees in question. Surely, that specific provision by the legislature would have evidenced an interest of the state in those children covered by decrees issued prior to the effective date of the act, and the fact that the same result is obtained through judicial construction rather than legislative enactment should not affect the decision which we make on this issue.

Second, it seems to me that the results of the majority opinion will lead to an adverse effect upon the children of those persons of lesser means. A father who might be delinquent in his support payments, who is otherwise financially solvent, will no doubt feel compelled to comply with the order for support because of the fear that a judgment will be obtained against him which can be successfully satisfied. On the other hand, those persons required to pay support who are, for all effects and purposes, judgment-proof because of a lack of assets or an insuffi-

ciency of income will feel free, if otherwise inclined to do so, to fail to make support payments under the assumption that the other party will find it a useless act to attempt to enforce the support payments through suit and resultant judgment. Therefore, as a practical result, it appears to me that we have seriously undercut the effect of the opinion in Brugger, at least as it might affect children from the less affluent part of our society. On the other hand, it is common knowledge that if contempt is a part of the available remedy, it has a salutary effect in encouraging a parent to comply with a court order of support even if the parent is one with a low income or few assets.

Finally, in my judgment, Lieder v. Straub, 230 Minn. 460, 42 N. W. 2d 11 (1950), is distinguishable from the facts of this case. In Lieder, the children involved had reached the age of majority at the time contempt proceedings were brought against the father, and he had no duty of support whatsoever at the time of the court proceedings. In the instant case and in Brugger, the children involved are under the age of 21 and, as we hold herein and in Brugger, the children are still entitled to be the recipients of support under the orders involved in these cases. Therefore, in Lieder, the defendant no longer had any obligation at the time of the contempt proceedings to support the children while here the plaintiff does have an obligation to support his child until she reaches the age of 21. To me, this clearly distinguishes the instant case from Lieder, and in my judgment the reliance on Lieder in the majority opinion is misplaced.

YETKA, JUSTICE (concurring in part and dissenting in part).

I dissent from that portion of the opinion which re-affirms the holding of the majority in Brugger v. Brugger, 303 Minn. 488, 229 N. W. 2d 131 (1975), filed herewith, to the effect that L. 1973, c. 725, § 74, lowering the age of majority from 21 to 18 did not apply to terminate child support provisions contained in divorce decrees entered prior to the effective date of the statute. I would hold that the statute was not intended to set up two separate classes of citizens between ages 18 and 21, and was in-

tended to cancel all obligations of support, whether contained in decrees entered prior to, or subsequent to, the effective date of the act, and refer to my separate dissent in Brugger.

I concur with the decision of the majority in this opinion that after children have reached the age of 18, contempt is not available to the trial court as a means of enforcement of a decree for child support entered prior to the effective date of L. 1973, c. 725.

ROGOSHESKE, JUSTICE (concurring in part and dissenting in part).

I join in the views expressed by Justices Kelly and MacLaughlin.

SCOTT, JUSTICE (concurring in part and dissenting in part).

I join in the opinions of Justices Kelly and MacLaughlin.

MR. JUSTICE KNUTSON took no part in the consideration or decision of this case.