PHILLIP P. ZAPPA AND ANOTHER v.
MRS. IRVING J. FAHEY AND OTHERS.

245 N. W. 2d 258.

August 20, 1976—No. 46433.

*James Malcolm Williams,* for appellants.
*Murnane, Murnane, Conlin & White* and *Michael I. Fahey,* for respondents Fahey and American Family Mutual Insurance Company.
*Karlins, Grossman, Karlins, Siegel & Brill* and *James R. Greupner,* for respondent Preferred Risk Mutual Insurance Company.

PER CURIAM.

Plaintiffs appeal from a judgment entered pursuant to an order for summary judgment in favor of defendants Mrs. Irving J. Fahey, Thomas E. Fahey, American Family Mutual Insurance Company, and Preferred Risk Mutual Insurance Company.

On November 12, 1972, a 1966 Ford automobile owned by Thomas Fahey, registered to Mrs. Irving Fahey, and insured by American Family Mutual Insurance Company was struck by an automobile insured by Preferred Risk Mutual Insurance Company. Shortly thereafter Melvin Rathman, a claims agent for Preferred Risk, examined the Ford and determined it to be a total loss. He and Mrs. Fahey agreed that $550 would be paid in full settlement. On November 20, 1972, Rath-

man called Mrs. Fahey to tell her that a check for $550 had been mailed and that someone would come to pick up the Ford. Approximately one week later defendant Stanley Buchta, proprietor of Buchta's Auto Body, went to the Fahey home and identified himself as being from Preferred Risk.[1] Mrs. Fahey gave him the keys to the Ford and the title card which she had signed and on which she had written, "Junk to Preferred Risk Insurance Company." Buchta drove the car to his garage and parked it. On December 31, 1972, Buchta's son Dale was involved in an accident with plaintiffs while driving the Ford.

Under Rule 56.03, Rules of Civil Procedure, in order to grant summary judgment, the trial court must find that "there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." A material fact is one of such a nature as will affect the result or outcome of the case depending on its resolution. Rule 56.05, Rules of Civil Procedure, provides as follows:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. *When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.*" (Italics supplied.)

Several theories of liability were advanced by plaintiffs, the principal one being vicarious liability based on the Safety Responsibility Act. Minn. St. 170.54 provides as follows:

"Whenever any motor vehicle shall be operated within this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be

---

[1] Rathman had called Stanley Buchta on November 20, 1972, to tell him to pick up the 1966 Ford at the Fahey residence. Both Buchta and Rathman testified that they had agreed that Buchta could keep the Ford for parts and salvage in return for estimate and bid work he had done for Preferred in the past. No bill of sale was executed. This was consistent with Preferred's practice in disposal of salvage automobiles.

deemed the agent of the owner of such motor vehicle in the operation thereof."

On December 31, 1972, the applicable definition of "owner" was contained in Minn. St. 1971, § 170.21, subd. 9,[2] which provided as follows:

" 'Owner' means a person who holds the legal title of a motor vehicle, or in the event a motor vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner for the purposes of this chapter."

Thus, the determinative question as to liability was who had legal title to the Ford on December 31, 1972.

Registration of an automobile under the state motor vehicle law is prima facie, but not conclusive, evidence of title in the party in whose name the car is registered. However, if there is evidence of other ownership, it presents a question of fact. The applicable statutory provision as to the passage of title is Minn. St. 336.2—401.[3] Paragraph (1) of that section provides in part, "* * * title to goods passes from the seller to the buyer in any manner and on any conditions explicitly agreed on by the parties." Paragraph (2) provides in part, "Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods. * * *."

In Macioch v. Wagner, 270 Minn. 571, 134 N. W. 2d 591 (1965), we affirmed the summary judgment ordered by the trial court on the issue of whether title to an automobile involved in an accident had passed from seller to buyer. In a footnote to that decision we noted the following (270 Minn. 578, 134 N. W. 2d 596):

---

[2] Repealed by L. 1974, c. 408, § 33, effective January 1, 1975.

[3] Plaintiffs argue that the purported transfer of title by Mrs. Fahey did not terminate her responsibility, as Minn. St. 168A.10 was not complied with. No certificate of title had been issued for this vehicle. Thus, this section by virtue of Minn. St. 168A.26 was not applicable to the transaction. Plaintiffs' allegation of the unconstitutionality of Minn. St. 168A.10 was not raised before the trial court, nor was notice given the attorney general. We will not consider this issue on appeal. Automotive Merchandise, Inc. v. Smith, 297 Minn. 475, 212 N. W. 2d 678 (1973).

"The question of the intention of the parties to a contract to sell as to when the property in its subject matter is to pass to the buyer is for the jury in doubtful cases, evidence being admitted which might be calculated to show the intention of both parties as indicated to each other. However, the whole of the contract of the parties here having been reduced to writing, this question could properly be determined by the court, as is true also if the facts are so clear as to justify but one conclusion and generally also if the facts are undisputed."

We have carefully reviewed the depositions, affidavits, and record herein and conclude that the facts are so clear as to justify only one conclusion. On December 31, 1972, Stanley Buchta was the owner of the 1966 Ford involved herein. The district court's judgment is affirmed.[4]

Affirmed.

---

[4] Our review indicates that American Family was entitled to judgment as a matter of law. See, Miller v. Market Men's Mutual Ins. Co. 262 Minn. 509, 115 N. W. 2d 266 (1962). The Faheys and Preferred Risk were entitled to judgment as a matter of law on the issues of negligent entrustment and joint enterprise. See, Krengel v. Midwest Automatic Photo, Inc. 295 Minn. 200, 203 N. W. 2d 841 (1973).