**STATE of Minnesota, Respondent,**

v.

**Raymond Allen SOUTOR, et al., Appellants.**

No. 81–393.

Supreme Court of Minnesota.

March 12, 1982.

Rehearing Denied April 12, 1982.

Kurzman, Shapiro & Manahan, Marc G. Kurzman and Lisa A. Berg, Minneapolis, for appellants.

Warren Spannaus, Atty. Gen., Gary Hansen and Richard D. Hodsdon, Sp. Asst. Attys. Gen., St. Paul, Ronald H. Schneider, County Atty., Willmar, for respondent.

SCOTT, Justice.

Defendants, Raymond Allen Soutor and Robert Dale Votava, convicted in nonjury trials of possessing hashish (the resinous form of marijuana) with intent to sell, claim on appeal from judgment of conviction that the omnibus court erred in denying their motion to suppress evidence on Fourth Amendment grounds and that the trial court, acting as factfinder, erred in determining that the state had met its burden of proving that the substance possessed was hashish. We affirm.

■ The evidence which led to defendants' prosecution was found in the search of the trunk of an automobile which defendants were driving. The omnibus court's memorandum opinion carefully addresses all the Fourth Amendment issues raised by defendants and concludes that the initial search was consensual and that the later postarrest search of the trunk was justified as an inventory search. We agree and therefore see no need to address the other Fourth Amendment issues raised by defendants concerning this evidence.

The claim of defendant Votava concerning the seizure of suspected cocaine in a search of his person incident to his arrest, while seemingly without merit, is moot because the trial court acquitted both defendants of the cocaine charges.

■ Defendants' contention that the state failed to establish beyond a reasonable doubt that the suspected hashish was in fact hashish is also without merit. The state's expert witness relied upon microscopic analysis, the modified Duquenois-Levine test and gas chromatograph-mass spectrometer analysis in concluding that the substance was hashish. This expert's opinion comported with the other evidence, including evidence that the substance was packaged as hashish is commonly packaged, smelled like hashish to experienced police officers, and was referred to by one of the defendants as hashish. We conclude that the evidence was sufficient. *State v. Buchholtz*, 295 N.W.2d 629 (Minn.1980); *State v. Dick*, 253 N.W.2d 277 (Minn.1977).

Affirmed.