**Raymond Allen SOUTOR and Robert Votava, Appellants,**

v.

**STATE of Minnesota, Respondent.**

**No. C8–83–2044.**

Court of Appeals of Minnesota.

Jan. 11, 1984.

Marc Kurzman, Minneapolis, for appellants.

Mike Lynch, Kandiyohi County Atty., Willmar, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and SEDGWICK, JJ., upon oral arguments of counsel.

## MEMO OPINION AND ORDER

POPOVICH, Chief Judge.

*Facts*

On August 1, 1980, defendants were arrested in Kandiyohi County and charged with the following counts:

I. Possession of a controlled substance with intent to sell, give away, deliver, exchange and distribute;

II. Possession of a controlled substance;

III. Driving over the posted speed limit;

IV. Careless driving;

V. Driving after revocation;

VI. Aiding another in possession of a controlled substance with intent to distribute;

VII. Aid another in the possession of a controlled substance, to-wit hashish, the resinous form of marijuana;

VIII. Possessing a controlled substance, the resinous form of marijuana.

On February 25, 1981, Robert Votava was convicted in Kandiyohi County District Court of the crime of possession of a resinous form of marijuana with the intent to sell. On the following day, Raymond Soutor was convicted in the same court of the same charge. Both defendants were sentenced on April 23, 1981. Votava received a sentence of 17 months with execution stayed provided that he serve six months in jail as a condition of probation. Soutor received a sentence of 17 months with execution stayed provided he serve one year as a condition of probation. Service of the sentences were stayed pending outcome of the appeal to the Minnesota Supreme Court.

On March 12, 1982, the Minnesota Supreme Court affirmed the convictions. On April 12, 1982, the Minnesota Supreme Court denied, without comment, defendants' request for rehearing. *State v. Soutor,* 316 N.W.2d 576 (Minn.1982).

Defendants petitioned for a Writ of Habeas Corpus in the Federal District Court on April 27, 1982. On September 26, 1983, the Magistrate recommended dismissal of the Writ of Habeas Corpus without prejudice because the petitions contained unexhausted state claims and the state court had not been afforded a full and fair opportunity to pass on the questions. The Federal District Court then denied the application on October 13, 1983.

On October 21, 1983, defendants petitioned the Kandiyohi County District Court for post-conviction relief. Their petition alleged Minn.Stat. §§ 152.02, subd. 9 and 152.09 do not adequately define "hashish" and that the state failed to establish beyond a reasonable doubt the substance defendants possession was the resinous form

of marijuana. On December 5, 1983, the motion for post-conviction relief and a stay of sentence was denied.

On December 29, 1983, defendants moved this court for a temporary stay of the execution of sentence pending appeal of the order denying post-conviction relief.

This Court heard oral argument on December 30, 1983. Counsel for defendants also moved orally for affirmance of the order of the trial court denying post-conviction relief. We affirm the trial court and deny a stay.

## ANALYSIS

1. The motion for stay is made pursuant to Rule 29.02, subd. 9(3), Minn.R. Crim.P., which states:

Application for release pending appeal shall be made in the first instance to the trial court. If the trial court refuses release pending appeal, or imposes conditions of release, the court shall state on the record the reasons for the action taken. Thereafter, if an appeal is pending, a motion for release, or for modification of the conditions of release, pending review, may be made to the appellate court or a judge thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the prosecuting attorney. The appellate court or a judge thereof may order the release of the defendant pending disposition of the motion.

2. These matters have been in suit for over three years and have followed a long and convoluted procedural history. Defendants seek review of the denial of their petition for post-conviction relief. The issue for post-conviction relief was whether the defendants could be convicted of possession of "hashish," as charged in the complaint.

3. This issue had been previously raised in the Federal District Court on a petition for Writ of Habeas Corpus. The federal court dismissed the petition for failure to exhaust state remedies. The statutory

vagueness issue regarding hashish was not raised at trial and the brief of defendants in the Minnesota Supreme Court did not mention the issue. The issue surfaced at defendants' application for rehearing before the Minnesota Supreme Court. The Minnesota Supreme Court denied their petition summarily. The federal court held that the issue was not properly before the supreme court when raised for the first time in the application for rehearing. *Citing Hampton v. Hampton,* 303 Minn. 500, 229 N.W.2d 139 (1975); *Automotive Merchandise, Inc. v. Smith,* 297 Minn. 475, 212 N.W.2d 678 (1973).

Because a petition for post-conviction relief was still available to defendants before the state trial court, the federal court dismissed, without prejudice, the petition for Writ of Habeas Corpus.

4. The complaint against defendants states specifically that the charges were for possession of a "controlled substance, hashish, being the resinous form of marijuana." In response to the petition for post-conviction relief, the trial court denied the petition and held that all forms of marijuana, including the resinous form commonly known as hashish, were included in the statutory definition of Minn.Stat. § 152.01, subd. 9, which states as follows:

Marijuana means all parts of the plant of any species of the genus cannabis ... the resin extracted from any part of such plant; and every compound, manufacturer, salt derivative, mixture, or preparation of such plant, its seeds or resin....

### DECISION AND ORDER

1. We hold that the trial court was correct in its holding that the resinous form of marijuana, known as hashish, is included in the statutory definition of Minn.Stat. § 152.01, subd. 9;

2. The order of the Kandiyohi County District Court denying defendants petition for post-conviction relief is hereby affirmed in its entirety; and

3. The motion of defendants for a stay of execution of sentence pending appeal is denied as moot.