**In re the Marriage of Shirlene A. FAIRBURN, petitioner, Appellant,**

v.

**Donovan F. FAIRBURN, Respondent.**

**No. C1-85-365.**

Court of Appeals of Minnesota.

Aug. 27, 1985.

Review Dismissed Nov. 18, 1985.

Shirlene A. Fairburn, pro se.

B. William Ekstrum, Mark E. Haggerty, Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and SEDGWICK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This judgment in dissolution was entered prior to June 1, 1973. Appellants moved to increase child support. The trial court increased child support until the child attained age 18, then reduced support until age 21. Appellant's motion to require respondent to list the child on his medical insurance was denied. Attorneys fees were also denied. Affirmed in part, reversed and remanded in part.

## FACTS

The parties were married in 1965 and divorced in 1970. Their only child, Chad, was born in 1970. The parties stipulated to support of $100 per month, payable to age 21 and this was ordered in the judgment and decree.

In 1970 appellant was on AFDC. Her present gross monthly earnings are $783.55. Respondent earns a monthly net income of $1,718.04. His present wife averages $730.92 per month. The trial court found appellant and the child had monthly needs of $1,390, and that the increase in Chad's needs and respondent's circumstances made the terms of the original judgment and decree unreasonable and unfair. The court set child support at $400 until age 18 and then the originally stipulated amount of $100 until age 21, and denied appellant's motion for respondent to carry health insurance for the child and pay her attorney's fees.

## ISSUES

1. Did the trial court err in not applying the child support guidelines until age 21?

2. Did the trial court err in not requiring respondent to carry Chad on his group medical insurance?

3. Did the trial court err in denying appellant attorneys fees?

## ANALYSIS

1. The age of majority was changed from 21 to 18 years by legislation effective June 1, 1973. L.1973, c. 725, § 74. The Minnesota Supreme Court held that the changed age of majority had no retroactive effect on provisions for support of children contained in divorce decrees entered prior to enactment of the statute. *Brugger v. Brugger*, 303 Minn. 488, 229 N.W.2d 131 (1975); *Yaeger v. Yaeger*, 303 Minn. 497, 229 N.W.2d 137 (1975).

Appellant argues that *Brugger* and its progeny require courts to apply child support guidelines until age 21, once a modification is made to the original decree. We do not agree. The fact that judgments entered prior to June 1, 1973 ordering support until age 21 are to be honored does not mean that courts must treat adult children the same as minors. The supreme court recognized a distinction between enforcing child support orders for minor children, where contempt power exists, and for adult children, ages 18 to 21, where contempt

proceedings are not available. *Hampton v. Hampton,* 303 Minn. 500, 229 N.W.2d 139 (1975). The *Hampton* court relied on the reasoning of *Lieder v. Straub,* 230 Minn. 460, 42 N.W.2d 11 (1950), which held that contempt proceedings are not available to enforce payments of accrued child support after the child reaches majority. Judgments in these cases are enforceable by ordinary remedies, such as levy, attachment, garnishments and other proceedings available to judgment creditors. *Hampton* at 141.

■ The trial court acted within its discretion in reinstating the support terms of the parties stipulation when Chad attains age 18. The trial court should, however, apply the full amount under the guidelines until age 18 since it found no basis for departure.

■ 2. Where respondent has a group insurance policy through his employment and can, with a court order, obtain dependent coverage, and is willing to do so, it was error for the court not to order it. Respondent should be permitted to deduct the cost of dependent coverage from his child support.

■ 3. Attorneys fees are discretionary with the court. Appellant is an attorney and represented herself. There was no abuse of discretion in refusing appellant's request. *Eckholm v. Eckholm,* 368 N.W.2d 386 (Minn.Ct.App.1985); Minn.Stat. 518.14 (1984).

**DECISION**

The trial court did not err in reinstating the stipulated amount of support when the child turned age 18. The court should apply the full amount of guidelines absent express findings for deviation. The court erred in not ordering respondent to obtain dependent medical coverage when it was available to him and he was willing to do it. The court did not abuse its discretion in not awarding attorneys fees. On remand the court should apply the guideline figure of $429.51, less actual cost of dependent medi-cal coverage. Affirmed in part, reversed and remanded in part.