**In re the Marriage of Joanne L. McGLENO, petitioner, Appellant,**

**v.**

**Donald J. McGLENO, Respondent.**

**No. C7–86–851.**

Court of Appeals of Minnesota.

Sept. 9, 1986.

Larry Neilson, Rooney & Neilson, Ltd., St. Paul, for appellant.

Edward M. Cohen, Stern, Levin, Lifson & Strauss, P.A., St. Louis Park, for respondent.

Considered and decided by HUSPENI, P.J., and PARKER and RANDALL, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Joanne McGleno appeals from a child support modification order which reduced a family court referee's child support determination. She contends the trial court erred in deviating downward from statutory guidelines for support after her daughter reached age 18. We affirm.

## FACTS

Joanne and Donald McGleno were married in 1967 and divorced in 1972. They have one child, Shelley, now age 18. Ap-

pellant Joanne McGleno was awarded custody of Shelley, and respondent was ordered to pay $100 per month child support. At the time of the dissolution, appellant received public assistance and respondent was employed, earning from $12,000 to $14,000 per year.

Respondent Donald McGleno failed to make child support payments from the start. Hennepin County obtained a judgment against him that was finally satisfied in August 1985. In October 1985 appellant moved for child support arrearages. In December 1985 the trial court entered judgment against respondent for $6,300.

Appellant subsequently moved for an increase in child support, and a hearing took place before a family court referee. The referee found that her net monthly income is now $1,429, that his income is $2,446 per month, and that he has an additional child support obligation of $100 per month. The referee also found that Shelley's needs and expenses had increased significantly since 1972.

Under child support payment guidelines, the amount of support is based on the income of the non-custodial parent. Minn. Stat. §§ 518.17(5), 518.551(5) (1984). Using the net monthly income figure of $2,446, the referee determined that respondent's support obligation should be $586.50. After considering both parties' incomes, respondent's additional support obligation and Shelley's needs, the referee set child support at $475 per month.

After reviewing the referee's order, the trial court modified it in March 1986 and awarded appellant $250 per month in child support starting July 1, 1986, and continuing until the child is 21, "marries, dies, is otherwise emancipated or until further court order." The trial court clarified its order in May 1986 to require respondent to pay $475 per month from February through June 1986. After July 1, 1986, child support is reduced to $250 per month. The court also ordered respondent to pay an additional $225 per month on the arrearages until they are satisfied.

## ISSUE

Did the trial court err in not applying child support guidelines until the child is age 21?

## ANALYSIS

The legislature changed the age of majority from 21 to 18 years, effective June 1, 1973. Because the decree in this case was entered in 1972, before the effective date of the change, respondent is required to pay child support until his daughter reaches age 21. *Brugger v. Brugger,* 303 Minn. 488, 229 N.W.2d 131 (1975).

Appellant argues that the trial court must make express findings of fact to support a deviation from statutory guidelines. *Moylan v. Moylan,* 384 N.W.2d 859 (Minn. 1986). However, appellant does not dispute the $475 child support award, a reduction from the $586.50 guidelines amount. She argues only that child support should remain at $475 per month until their daughter is 21.

This court has held that trial courts are not required to treat adult children the same as minor children in setting child support. Such awards are within the trial court's discretion. *Fairburn v. Fairburn,* 373 N.W.2d 609, 610 (Minn.Ct.App. 1985), *pet. for rev. denied,* (Minn. Nov. 18, 1985). Application of statutory child support guidelines is not mandatory but is within the trial court's discretion. *Winter v. Winter,* 375 N.W.2d 76, 80 (Minn.Ct.App. 1985), *pet. for rev. denied,* (Minn. Dec. 30, 1985). In *Winter* the trial court found that the original decree was not unreasonable or unfair and refused to modify support. *Id.* at 79. We remanded for the trial court to determine the fairness of the original decree, considering both parents' financial resources and contributions to the children's support. *Id.* at 80.

In this case the trial court considered both parents' resources and more than doubled the child support amount from the original decree. Because application of child support guidelines is not nec-

essary in setting support amounts for children over age 18 when the judgment was entered prior to June 1, 1973, we will not require specific findings on all statutory factors in these cases.

## DECISION

Affirmed.