**Ramona BURGARDT, k/n/a Ramona Stich, Petitioner, Appellant,**

v.

**Gary Lee BURGARDT, Respondent.**

No. C0-91-12.

Court of Appeals of Minnesota.

Aug. 27, 1991.

**236**

Brigid M. Fitzgerald, Rosenmeier, Anderson & Vogel, Little Falls, for appellant.

Michael P. Perry, Little Falls, for respondent.

Considered and decided by HUSPENI, P.J., and PARKER and PETERSON, JJ.

## OPINION

PETERSON, Judge.

Ramona Lynn Burgardt, k/n/a Ramona Stich appeals from the trial court's order denying her motion to find respondent Gary Lee Burgardt in contempt. We affirm.

## FACTS

The parties' marriage was dissolved by judgment and decree entered December 26, 1989. Gary was awarded the parties' business, homestead and one-half of the cash value of an insurance policy as his property settlement. Ramona was awarded $53,-102.74 plus one-half of the cash value of an insurance policy for her property settlement. Ramona was also awarded $2000 in attorney fees.

The decree provides the $2000 award of attorney fees will be added to Ramona's property settlement and paid in accordance with its terms. The decree required Gary to pay Ramona $10,000 by December 15, 1989 and then pay the remaining property settlement balance in semi-annual installments of $5,000 beginning June 15, 1990.

In March 1990 Ramona had a judgment docketed against Gary for the entire amount awarded. In November 1990 she moved the trial court to find Gary in contempt for failure to make installment payments pursuant to the terms of the dissolution decree. The trial court denied her motion.

## ISSUE

Did the trial court err by concluding contempt was not an available remedy to enforce dissolution judgment and decree provisions that require the payment of money to effect a property division?

## ANALYSIS

Contempt is an extraordinary remedy that must be exercised with caution. *Hampton v. Hampton*, 303 Minn. 500, 502, 229 N.W.2d 139, 140–41 (1975). Generally, a judgment that requires the payment of money is enforceable by execution, not contempt proceedings. Minn.Stat.

§ 550.02 (1990). Minnesota courts, however, have explicit statutory authority to use contempt proceedings to enforce maintenance and child support obligations. Minn.Stat. § 518.24 (1990). The statutes governing dissolution are silent as to whether contempt may be used to enforce property settlements that require the payment of money. Ramona argues that because its use is not explicitly prohibited, contempt is an available remedy. We disagree.

Maintenance and support obligations have historically been accorded special status under Minnesota law. *See Wojahn v. Halter*, 229 Minn. 374, 381, 39 N.W.2d 545, 549 (1949). Property settlements, in contrast, have been treated as ordinary debts. *See Coakley v. Coakley*, 400 N.W.2d 436, 440 (Minn.App.1987), *pet. for rev. denied*, (Minn. April 23, 1987) (property settlement is dischargeable in bankruptcy); *Nelson v. Quade*, 413 N.W.2d 824, 828 (Minn.App. 1987), *pet. for rev. denied*, (Minn. Dec. 22, 1987) (property settlement is essentially debtor-creditor matter).

Ramona relies on *Smoot v. Smoot*, 329 N.W.2d 829 (Minn.1983) and *Kroeplin v. Haugen*, 390 N.W.2d 872 (Minn.App.1986), *pet. for rev. denied*, (Sept. 25, 1986) to support her position. Her reliance is misplaced. In neither case did a party challenge the trial court's use of its contempt power. The only issue raised in both cases was whether the trial court had abused its discretion in making findings of fact.

Because contempt is an extraordinary remedy and property settlements are generally treated as ordinary debts under Minnesota law, we decline to permit the use of contempt to enforce a property settlement that requires the payment of money in the absence of express statutory authority to do so. Execution is the remedy available to Ramona to enforce her judgment.

Ramona also claims contempt is available to enforce payment of the attorney fee award. Whether or not contempt is available in this case, the trial court has discretion to enforce payment of attorney fees by any manner within its power. Minn.Stat. § 518.14 (1990). Here, the trial court intended Ramona to be primarily responsible for payment of her own attorney fees and declined to exercise its contempt power against Gary. We find no abuse of discretion.

## DECISION

The trial court properly concluded contempt was not available to Ramona to enforce payment of the property settlement.

Affirmed.