STATE OF WEST VIRGINIA

*v.*

DONALD E. EVERLY

(No. 12370)

Submitted January 18, 1966.        Decided February 22, 1966.

*John R. Goodwin,* for plaintiff in error.

*C. Donald Robertson,* Attorney General, *Leo Catsonis,* Assistant Attorney General, for defendant in error.

BERRY, JUDGE:

This appeal involves a conviction for contempt of court by the Circuit Court of Monongalia County, West Virginia, on July 14, 1964, wherein the defendant was sentenced to serve ten days in jail for his refusal to serve on the grand jury of Monongalia County. Upon application to this Court a writ of error and supersedeas was granted on September 3, 1964, and it was submitted for decision of this Court upon arguments and briefs at the January Regular Term, 1966.

The defendant appeared in the Circuit Court of Monongalia County in answer to a summons properly served upon him by the sheriff of Monongalia County for grand jury service. When called for such service the defendant announced in open court that he refused to serve on the grand jury because of his "personal conscientious objections". The judge of the Circuit Court of Monongalia County appointed an attorney to represent the defendant and ordered the defendant to appear in court at 9:30 a.m. on July 14, 1964, to show cause why he should not be held in contempt of court because of his refusal to serve on the grand jury.

At a hearing held in open court the defendant testified under oath that he was an ordained minister of the congregation of Jehovah's Witnesses and that at the present time was serving as presiding minister at Kingwood, West Virginia, congregation of said Jehovah's Witnesses. He stated that he did not recommend to any of his congregation not to serve on a jury as that was his own decision to make. He further stated that it violated his personal freedom of conscience to serve as a juror and that he felt he had authority under his religious beliefs to serve within his congregation with power to judge or decide but not to so serve outside his congregation and cited quotations from the scripture to support his belief. He stated that he did not vote and that he felt has was an ambassador of God as a representative of God's Kingdom and that he would be violating "that provision" to take part in the execution or carrying on of any worldly government and that any worldly government

should not ask him to help carry on their government "by recognizing that I already recognize a government".

The defendant had been advised, evidently by persons outside the court, that he could avoid the duty by either having his employer certify that he was needed for work or by appearing late in court. He refused to do either because he thought one would be untruthful and the other disrespectful. He had previously called the judge about being excused from jury service but his request had been denied because he told the judge it was a personal matter, a statement which was later verified by the defendant at the hearing. The defendant admitted that he was a citizen of the United States and of the State of West Virginia, but indicated by his actions in refusing to serve as a juror that he would prefer going to jail to violating his personal religious convictions by serving as a juror.

The question involved in this case is whether the personal conscientious objection of an individual based upon his religious beliefs is sufficient to come within the purview of the freedom of religion provision of the First Amendment to the United States Constitution and Article III, Section 15, of the West Virginia Constitution. The First Amendment to the Constitution of the United States has been made applicable to the states under the Fourteenth Amendment and the part thereof applicable hereto reads as follows:

> "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; * * * ".

The provision of the West Virginia Constitution referred to above is much broader and reads as follows:

> "No man shall be compelled to frequent or support any religious worship, place or ministry whatsoever; nor shall any man be enforced, restrained, molested or burthened, in his body or goods, or otherwise suffer, on account of his religious opinions or belief, but all men shall be free to profess, and by argument, to maintain their opinions in matters of religion; * * *"

The state has the right to require its citizens to perform jury service both on the petit jury and the grand jury in order to protect and provide the right of legal redress for its citizens, and if it appeared that there was a danger of failure to provide such services because of the religious beliefs of citizens in any of its jurisdictions, such beliefs would not be sufficient excuse for such services because the judicial branch of the government must function in a free and orderly society. However, the general rule is that a trial judge may in the exercise of sound discretion excuse a qualified juror before he is sworn for any reason personal to the juror which to the judge seems sufficient. 31 Am. Jur., Jury, § 70.

There are very few cases in this country dealing with the question involved in this case. In the South Carolina case of *State* v. *Wilson*, 13 SCL 2 (McCord) 393, decided over 140 years ago, before the Fourteenth Amendment to the United States Constitution was adopted making the First Amendment applicable to the States, the court upheld a fine imposed upon a defendant because of his non-attendance as a grand juror notwithstanding his claim for exemption from such service based on his religious beliefs. However, the case of *United States* v. *Hillyard*, 52 F. Supp. 612, which was decided about 20 years ago involving a contempt proceeding for the defendant's refusal to serve as a juror, held that his refusal did not amount to a breaking out into overt acts against the peace and good order of the state. In the case of *In Re Jenison*, 265 Minn. 96, 120 N. W. 2d 515, decided in 1963, the defendant refused to serve as a juror on the grounds that it was against her religious beliefs in contravention of a statement in the New Testament "Judge not, that you will not be judged". The Supreme Court of Minnesota affirmed the conviction, finding that it was no violation of either the Federal or State Constitutions, and that refusal to serve as a juror was inconsistent with the peace and safety of the state. Upon an appeal to the Supreme Court of the United States the ruling was vacated and the case was remanded to the Supreme Court of Minnesota for further consideration. *In Re Jenison*, 375 U. S. 14, 11 L.

Ed 2d 39, 84 S. Ct. 63. Upon the remand the Minnesota Supreme Court held that there was an inadequate showing that the state's interest required the overriding of defendant's right to free exercise of her religious belief. It was specifically noted by the Court that the relator had demonstrated her sincerity by her willingness to go to jail rather than serve as a juror, and the contempt conviction was reversed. *In Re Jenison,* 267 Minn. 136, 125 N. W. 2d 588, 2 A.L.R. 3rd 1389 (Annotated).

It would appear that under the modern consideration of the freedom of religion provisions of the Federal and State Constitutions, the defendant's refusal in the case at bar to serve as a juror, when considered in the light of conditions now prevailing, would be considered justified. There is no indication that his refusal would affect the peace and safety of the state and there is no showing that an adequate number of competent jurors could not be obtained otherwise in order for the state's interest to be protected. Then, too, the defendant's sincerity may be given credence by his indication that he would rather go to jail than serve on a grand jury.

Although we may not understand or agree with the position taken by the defendant relating to his personal convictions wherein he accepts the protection and benefits provided by the state but is not willing to perform the duties required of its citizens, this does not justify upholding the contempt conviction in the case at bar, where no present danger to the jury system seems apparent.

For these reasons, the conviction of contempt by the Circuit Court of Monongalia County is reversed.

*Reversed.*