

**FILED**
**OCTOBER 5, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No.  39091-8-III |
| JENNIFER M. MCCLUSKEY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| DAVID A. SAUNDERS, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, J. — Jennifer McCluskey, a Seventh-day Adventist, appeals the trial court's parenting plan that allows her ex-husband, Dr. David Saunders, residential time with their child on the Sabbath.  She also contends that the court erred by finding her in contempt for withholding the child from Dr. Saunders on the Sabbath.  On appeal, Ms. McCluskey argues that the residential schedule is not in the best interest of their child, and the finding of contempt was an abuse of discretion because she did not act in bad faith.  We disagree and affirm, awarding Dr. Saunders his attorney fees on appeal for defending the contempt finding.

FACTS

Ms. McCluskey and Dr. Saunders married in 2015 and have one child together, E.S., born in 2016.  The two separated in 2017 and divorced in 2019.  Both Ms. McCluskey and Dr. Saunders are devout Seventh-day Adventists and observe the Sabbath, which begins Friday at sundown and concludes Saturday at sundown.

Following the parties' separation, a final parenting plan was entered by agreement identifying Ms. McCluskey as the primary parent.  Ms. McCluskey and Dr. Saunders entered an order by agreement for Dr. Saunders's visitation with E.S.

In 2021, Ms. McCluskey received a job offer in Oklahoma and filed a motion for relocation, to which Dr. Saunders objected.  The court permitted the move by temporary order and provided Dr. Saunders with parenting time one weekend per month for eight hours each on Friday, Saturday, and Sunday as well as Skype communication.

In March 2022, Ms. McCluskey refused to turn E.S. over to Dr. Saunders for a makeup visit lasting from Thursday until Monday because it fell on the Sabbath.  The court found that Ms. McCluskey acted in bad faith when she refused to turn E.S. over, and granted Dr. Saunders's motion for contempt.  This was the fifth finding of contempt against Ms. McCluskey for withholding E.S. from Dr. Saunders.

At trial, Ms. McCluskey objected to Dr. Saunders's proposed residential schedule that provided Dr. Saunders with parenting time on the Sabbath.  Both parties testified at trial that they observe the Sabbath consistent with the requirements of the Seventh-day

Adventist faith. The parties described the same obligation to abstain from performing any secular activities on the Sabbath. Ms. McCluskey testified that E.S. was prone to outbursts upon being returned to her after Dr. Saunders's parenting time.

Following trial, the court filed its written findings of fact and conclusions of law. The court adopted Dr. Saunders's proposed parenting plan that gives him parenting time with E.S. and that sometimes falls on the Sabbath.

Ms. McCluskey timely appeals.

ANALYSIS

1.    RESIDENTIAL SCHEDULE ON THE SABBATH

As a threshold issue, Dr. Saunders argues that Ms. McCluskey failed to assign error to any findings of fact or conclusions of law in violation of RAP 10.3(g). While Dr. Saunders is correct, we nonetheless exercise our discretion as provided in RAP 1.2(a), and address the substantive issues because Ms. McCluskey's arguments are clear from the briefing.

Ms. McCluskey contends that the court abused its discretion when it gave Dr. Saunders parenting time during the Sabbath. Ms. McCluskey argues that Dr. Saunders, though also a Seventh-day Adventist, practices the Sabbath differently than her. She therefore contends that giving Dr. Saunders parenting time on the Sabbath is not in the best interests of E.S. We disagree.

A trial court has broad discretion in crafting a permanent parenting plan. *In re Marriage of Kovacs*, 121 Wn.2d 795, 801, 854 P.2d 629 (1993). A trial court's rulings dealing with the provisions of a parenting plan are reviewed for an abuse of discretion. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46, 940 P.2d 1362 (1997). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *Id*. at 46-47.

A court's decision is considered manifestly unreasonable if: "it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard." *Id*. at 47.

We review specific findings of fact for substantial evidence, "'defined as a quantum of evidence sufficient to persuade a rational fair-minded person the premise is true.'" *DeVogel v. Padilla*, 22 Wn. App. 2d 39, 48, 509 P.3d 832 (2022) (quoting *Sunnyside Valley Irrig. Dist. v. Dickie*, 149 Wn.2d 873, 879, 73 P.3d 369 (2003)).

"In any proceeding between parents under this chapter, the best interests of the child shall be the standard by which the court determines and allocates the parties' parental responsibilities." RCW 26.09.002. "[U]nder the Parenting Act, the best interests of the child continues to be the standard by which the trial court determines and

allocates parenting responsibilities." *In re Marriage of Possinger*, 105 Wn. App. 326,

335, 19 P.3d 1109 (2001).

Ms. McCluskey assigns error to finding of fact 18, which states in relevant part:

"The testimony showed that both parties honored and celebrated the Sabbath day

consistent with their Seventh[-d]ay Adventist faith. There is no indication of harm to the

child dependent upon which parent he is with on the Sabbath." Clerk's Papers (CP) at

515. This finding is supported by substantial evidence.

Ms. McCluskey repeatedly argues in her briefing that Dr. Saunders observes the

Sabbath differently than her, but she does not describe this difference. At trial, Dr.

Saunders testified that he observes the Sabbath consistent with the requirements of the

Seventh-day Adventist faith. Rep. of Proc. (RP) at 176-179. He described the same

obligation to abstain from performing any secular activities on the Sabbath as Ms.

McCluskey did. RP at 174-78, 253-54; 59-61. Thus, the court's finding that both parties

honored the Sabbath consistent with their Seventh-day Adventist faith is supported by

substantial evidence.

Similarly, the court's findings that there is no indication of harm to the child

dependent on which parent he is with is supported by substantial evidence. Ms.

McCluskey points to testimony in the record demonstrating that E.S. would act out after

spending time with Dr. Saunders. RP at 43, 68. However, Ms. McCluskey does not

explain how E.S.'s behavior relates to visits on the Sabbath. In fact, in her reply, Ms.

McCluskey admits that E.S.'s outbursts did not occur following visits on the Sabbath. Appellant's Reply Br. at 6-7. There is no indication that visits with the father on the Sabbath will harm E.S. Thus, the court's finding of fact is supported by substantial evidence.

Ms. McCluskey also assigns error to finding of fact 19, which states in relevant part: "[Dr. Saunders] recognizes it will take time for the child to rebuild his relationship with [E.S.] due to the damage done by withholding of the child, long distance and concerns about alienation." CP at 516.

Ms. McCluskey argues that this finding is not supported by substantial evidence. Ms. McCluskey states that "[she] does not believe she has alienated Dr. Saunders from having a relationship with [E.S.] in fighting to keep [E.S.'s] sabbath routine consistent." Appellant's Reply Br. at 3. The record reflects that Ms. McCluskey withheld E.S. from Dr. Saunders on multiple occasions. RP at 87, 96, 290, 294. The court stated in its oral ruling that, "Whether intentional or not, Mom is alienating [E.S.] from his father by her conduct." RP at 294. Thus, Ms. McCluskey's contention that the court's finding is not supported by substantial evidence fails.

Throughout her briefing, Ms. McCluskey suggests that Dr. Saunders's beliefs and practices are wrong and her religious beliefs are right. She contends that because her faith is more sincere, her beliefs and practices should be afforded greater weight than Dr. Saunders's beliefs. But this is not the way our laws work. In the absence of substantial

evidence of actual or potential harm to the child from the parent's conflicting religious beliefs, each parent has equal rights to their own religious beliefs and equal rights to raise their child. *See In re Marriage of Jensen-Branch*, 78 Wn. App. 482, 490, 899 P.2d 803 (1995). The law in this area is not concerned with whose beliefs are right or more sincere.

Here, the court's findings of fact are supported by substantial evidence. There is no indication that allowing Dr. Saunders parenting time on the Sabbath is not in the best interests of E.S. The testimony at trial established that both Ms. McCluskey and Dr. Saunders are devout Seventh-day Adventists and that they observe the Sabbath. Thus, it was not an abuse of discretion to allow Dr. Saunders visitation on the Sabbath and we should not disturb the court's decision on appeal.

2.  CONTEMPT OF COURT

Ms. McCluskey contends that the court abused its discretion when it held her in contempt of court for refusing to allow Dr. Saunders visitation time on the Sabbath in violation of the court's parenting plan. Again, we disagree.

"Punishment for contempt of court is within the discretion of the trial court." *In re Marriage of Myers*, 123 Wn. App. 889, 892, 99 P.3d 398 (2004). A contempt finding will be upheld on review if this court finds the order is supported by a "proper basis." *In re Marriage of Davisson*, 131 Wn. App. 220, 224, 126 P.3d 76 (2006). We do not review

7

the trial court's credibility determinations on appeal. *In re Marriage of Rideout,* 150 Wn.2d 337, 352, 77 P.3d 1174 (2003).

RCW 26.09.184(7) states that, "[f]ailure to comply with a provision in a parenting plan or a child support order may result in a finding of contempt of court." A parent "shall be deemed to have the present ability to comply with the order establishing residential provisions" unless, by a preponderance of the evidence, they establish "a reasonable excuse for failure to comply." RCW 26.09.160(4).

A court shall find a parent in contempt if "based on all the facts and circumstances, the court finds after [a] hearing that the parent, in bad faith, has not complied with the order establishing residential provisions for the child." RCW 26.09.160(2)(b). "An attempt by a parent . . . to refuse to perform the duties provided in the parenting plan . . . shall be deemed bad faith." RCW 26.09.160(1).

On reply, Ms. McCluskey assigns error to finding of fact 21, which states: "The Court finds the Mother willfully and in bad faith failed to allow the father's parenting time on March 17 through March 21, 2022, in violation of the Court's Order of March 11, 2022."[1] CP at 516. This finding is supported by substantial evidence.

---

[1] This finding is located in the court's findings and conclusions. CP at 516. The court's Order finding Ms. McCluskey in contempt was issued the same day and also found that Ms. McCluskey acted in bad faith. CP at 498.

Ms. McCluskey argues that the court's finding that she acted in bad faith was error and not supported by substantial evidence. Ms. McCluskey contends that her failure to comply with the order on visits was due to her sincerely held religious beliefs and that it was not bad faith. Her argument is unpersuasive for several reasons.

First, the court noted that the Sabbath issue appeared to be a pretext for withholding E.S. from Dr. Saunders. CP at 518. Indeed, as Ms. McCluskey's counsel pointed out, the March 2022 visit for which Ms. McCluskey was held in contempt also included three overnights with Dr. Saunders outside of the Sabbath. RP at 263; CP at 479 (Ms. McCluskey refused to turn E.S. over to Dr. Saunders for a makeup visit lasting from Thursday March 17, 2022, until Monday March 21, 2022). Ms. McCluskey testified that she did not make any effort to facilitate E.S.'s visit with Dr. Saunders in March because "it encompassed the Sabbath." RP at 99.

Even if Ms. McCluskey's reason for withholding E.S. from Dr. Saunders was based on her sincerely held religious beliefs, it still demonstrates that she knowingly and willfully defied the court's order. Bad faith does not equate to ill-intent. Ms. McCluskey does not cite any authority to support her position that her sincerely held religious beliefs provide a legal justification for withholding E.S. in violation of a court order.

Ms. McCluskey established no reasonable excuse for failing to comply with the court's order on visits nor did she explain why she withheld E.S. on the days outside of the Sabbath. RP at 99. The court's finding that Ms. McCluskey acted in bad faith when

9

she withheld E.S. from Dr. Saunders, in violation of the court's order on visits, was

supported by substantial evidence. The court did not abuse its discretion when it held

Ms. McCluskey in contempt.

3.     ATTORNEY FEES ON APPEAL

We grant Dr. Saunders's request for his attorney fees on appeal, but only related to

the finding of contempt against Ms. McCluskey.

RCW 26.09.160(2) states in relevant part that:

> (b) If, based on all the facts and circumstances, the court finds after hearing
> that the parent, in bad faith, has not complied with the order establishing
> residential provisions for the child, the court shall find the parent in
> contempt of court. Upon a finding of contempt, the court *shall* order:
>
> . . . .
>
>  (ii) The parent to pay, to the moving party, all court costs and reasonable
> attorneys' fees incurred as a result of the noncompliance.

(emphasis added).  Under the statute, if the court finds that the noncomplying parent

acted in bad faith, an attorney fee award to the moving party is mandatory.  *In re*

*Marriage of Eklund*, 143 Wn. App. 207, 214, 177 P.3d 189 (2008).

RAP 18.1 states: "If applicable law grants to a party the right to recover

reasonable attorney fees or expenses on review before either the Court of Appeals or

Supreme Court, the party must request the fees or expenses as provided in this rule."

No. 39091-8-III
*McCluskey v. Saunders*

Here, Dr. Saunders made a separate request for attorney fees in his brief. RAP 18.1(b). RCW 26.09.160 mandates an attorney fee award to the moving party when a parent acts in bad faith and is found in contempt. RCW 26.09.160 applies to attorney fees incurred on appeal. *In re Marriage of Eklund*, 143 Wn. App. at 218-19. Thus, under RAP 18.1 and RCW 26.09.160(2)(b)(ii), Dr. Saunders is entitled to his attorney fees on appeal connected to the issue of contempt.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

I CONCUR:

_____
Lawrence-Berrey, J.

11

No. 39091-8-III

FEARING, C.J. (concurrence) — I concur with all written in the majority opinion. I write separately to emphasize two points.

First, Jennifer McCluskey argues that David Saunders' beliefs and practices as to the seventh-day Sabbath, in light of Seventh-day Adventist doctrine, is wrong and her practices and beliefs and practices are right. David Saunders disagrees that his beliefs and practices disregard church doctrine. The United States Constitution's First Amendment precludes a court from resolving underlying controversies over religious doctrine. *Presbyterian Church in United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church*, 393 U.S. 440, 449, 89 S. Ct. 601, 21 L. Ed. 2d 658 (1969). After having read the entire record, I agree with the majority that McCluskey did little to detail any difference between her and Saunders in Sabbath observance or in views as to how the Sabbath should be observed. Still, the dissolution court wisely avoided attempting to resolve this controversy.

Second, Jennifer McCluskey asks this court to excuse her violation of the orders for visitation because she violated the orders based on her sincere religious views. The majority correctly notes that McCluskey cites no authority to support a rule that one can avoid a contempt citation based on exercise of one's religious beliefs. I, however, do not

wish to rule out the possibility that a party's First Amendment rights may preclude contempt sanctions for violation of a court order under some circumstances. *State v. Everly*, 150 W. Va. 423, 146 S.E.2d 705 (1966). For example, a member of the press avoided contempt sanctions for violating a court order based on the free speech and press clause of the First Amendment. *State ex rel. Snohomish County Superior Court v. Sperry*, 79 Wn.2d 69, 483 P.2d 608 (1971). After a reading of the entire record, I conclude ample evidence supported the dissolution court's finding that Sabbath observance served as a pretext to deny the father visiting rights.

I commend the trial court judge for her careful handling of the visitation and contempt issues. I commend the father for his patience in insisting on full visitation rights based on his wise recognition that the child needed some time to become acquainted with him.

I CONCUR:

_____
Fearing, C.J.